**Thomas E. SCHERER, Plaintiff,**

v.

**Kent HILL, et al., Defendants.**

**No. CIV.A. 02–2043–KHV.**

United States District Court,
D. Kansas.

March 12, 2003.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Thomas E. Scherer filed suit against Kent Hill, William Emmot and Wayne Hill, employees of the Department of Veteran Affairs. This matter comes before the Court on plaintiff's *Rule 60 Motion To Reinstate The Case* (Doc. # 47) filed February 4, 2003.

For reasons stated below, plaintiff's motion is overruled.

### Standards For Rule 60(b) Motions

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b), Fed.R.Civ.P. *See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir.1990). Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994).

### Factual Background

Plaintiff is an honorably discharged veteran who served in the United States Navy from 1972 through 1975. Plaintiff states that during his service, he contracted a chronic skin condition. Plaintiff applied for disability benefits with the Veterans Administration ("VA"). On January 3, 2001, the VA approved plaintiff's claim for disability benefits, gave him a 10 per cent disability rating, and awarded him benefits retroactive from 1995 with a future monthly benefit of $101. Plaintiff asserts that the VA should award him benefits retroactive from 1976 and that his disability rating should be 30 per cent. Plaintiff filed his claim in federal court because "the Veterans Administration provides no opportunity for a claim to be decided by a jury trial and that failure is in violation of the United States Constitution right to a jury trial for claims of equity." *Complaint* (Doc. # 1) filed January 30, 2002 ¶ 12. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

On September 19, 2002, the Court sustained defendants' motion to dismiss, both on the merits and because plaintiff had not timely responded to the motion. *See Memoran-*

*dum And Order* (Doc. # 45). As to the merits, the Court noted:

Plaintiff has not specifically addressed the jurisdictional arguments presented in defendant's motion to dismiss. In particular, plaintiff has not shown that he can sue federal employees for actions taken in their official capacities, or that he can seek review of VA disability decisions in federal district court. Plaintiff's action against VA employees for actions as agents of the United States is in fact an action against the United States. *See Weaver v. United States,* 98 F.3d 518, 520 (10th Cir.1996). For the reasons outlined in *Defendant's Memorandum In Support Of Motion To Dismiss* (Doc. # 25) filed June 7, 2002, the Court lacks subject matter jurisdiction to hear plaintiff's claims. As the Honorable John W. Lungstrum explained in a virtually identical case which plaintiff brought earlier this year, "federal law regarding veterans' benefits provides that decisions regarding veterans' benefits are unreviewable in the federal district courts...." *Scherer v. United States,* No. 01–2428–JWL, 2002 WL 299315, at *1 (D.Kan. Feb.15, 2002); *see* 38 U.S.C. § 511(a) (as to law and facts necessary to decision that affects provision of veteran benefits, VA Secretary's determination "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise").

*Memorandum And Order* (Doc. # 45) at 3 (footnote omitted). On September 20, 2002, the Clerk entered judgment in favor of defendants. *See Judgment In A Civil Case* (Doc. # 46). Plaintiff did not appeal.

As noted in the Court's *Memorandum And Order* (Doc. # 45), plaintiff filed a separate suit against the United States, asserting virtually identical claims to the ones he asserts in this case. In the action against the United States, the Honorable John W. Lungstrum dismissed plaintiff's claims, and plaintiff appealed. *See Scherer v. United States,* No. 01–2428–JWL, 2002 WL 299315, at *1 (D.Kan. Feb.15, 2002). On January 29,

2003, in *Scherer v. United States,* the Tenth Circuit held that the district court had jurisdiction over Scherer's constitutional challenge to 28 U.S.C. § 1346(d),[1] and that the claim should not have been dismissed for lack of jurisdiction. *See Scherer v. United States,* 55 Fed.Appx. 517, 2003 WL 191463 (10th Cir. Jan.29, 2003).

On February 4, 2003, based on the Tenth Circuit ruling in *Scherer v. United States,* plaintiff filed a motion to vacate the Court's judgment in this case. In particular, plaintiff seeks to reinstate his claim that 28 U.S.C. § 1346(d) is unconstitutional because it violates a party's right to a jury trial for equity claims, *see Civil Complaint* (Doc. # 1) ¶ 14, and "[t]he administrative process as used by the Veterans Administration provides no opportunity for a claim to be decided by a jury trial and that failure is in violation of the United States Constitution right to a jury trial for claims of equity." *Id.* ¶ 12.

### Analysis

Plaintiff filed his motion under Rule 60, Fed.R.Civ.P. Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Bud Brooks Trucking,* 909 F.2d at 1440. A Rule 60(b) motion is not intended to be a substitute for a direct appeal. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996).

■ Under Rule 60(b)(1), the Court may grant relief from a judgment or order for mistake, inadvertence, surprise or excusable neglect. Ordinarily, the "mistake" provision in Rule 60(b)(1) provides for reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) the court has made a substantive mistake of law or fact in the final judgment or order. *Yapp,* 186 F.3d at 1231.

■■ Rule 60(b)(1) relief is not available in this case. First, plaintiff's motion is untimely. A Rule 60(b)(1) motion cannot be used to challenge a "substantive ruling" of the Court unless it is filed within the time

---

1. Section 1346(d) provides that "[t]he district courts shall not have jurisdiction under this sec-

tion [actions against United States] of any civil action or claim for a pension."

frame required for filing a notice of appeal. *Id.* at 578; *see Orner v. Shalala,* 30 F.3d 1307, 1309–10 (10th Cir.1994); *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992); *United States v. 31.63 Acres of Land,* 840 F.2d 760, 761 n. 4 (10th Cir.1988); *Morris v. Adams–Millis Corp.,* 758 F.2d 1352, 1358 (10th Cir. 1985). The Clerk entered judgment on September 20, 2002 and plaintiff did not file his Rule 60(b) motion until February 4, 2003. Second, relief under Rule 60(b)(1) is available only for obvious errors of law or fact. *See Van Skiver,* 952 F.2d at 1244; *Rojas v. Am. Postal Workers Union,* No. 94–1083–JTM, 1998 WL 288665, at *1 (D.Kan. May 5, 1998) (argument that court misapplied law or misunderstood party's position not properly brought under Rule 60(b)); *Cepero v. Bd. of Immigration Appeals,* No. 92–3046–RDR, 1996 WL 755344, at *6 (D.Kan. Dec.27, 1996) (relief under Rule 60(b)(1) not justified where party rehashes previous arguments and argues that court overlooked certain facts); *see also Alvestad v. Monsanto Co.,* 671 F.2d 908, 912–13 (5th Cir.) (relief under Rule 60(b)(1) limited to "perfunctory correction" of obvious errors of law), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *Rocky Mountain Tool & Mach. Co. v. Tecon Corp.,* 371 F.2d 589, 596–97 (10th Cir.1966) ("palpably erroneous award" of interest from date other than entry of judgment correctable under Rule 60(b)(1)). Plaintiff has not al-

leged any obvious error of law within the meaning of Rule 60(b)(1). The Tenth Circuit decision in *Scherer v. United States, supra,* did not address whether plaintiff could assert a constitutional challenge to 28 U.S.C. § 1346(d) against individual employees of the Department of Veterans Affairs. Plaintiff has not shown that the ruling in this case, which applied to three VA employees, is erroneous. Accordingly, relief under Rule 60(b)(1) is not warranted.[2]

Rule 60(b)(6) provides that the Court may relieve a party from "a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is even more difficult to attain than under Rule 60(b)(1) and is appropriate only "when it offends justice to deny such relief." *Yapp,* 186 F.3d at 1232 (quoting *Cashner,* 98 F.3d at 580). Plaintiff has not satisfied this standard. First, because plaintiff has not satisfied the standards for relief from a mistake of law under Rule 60(b)(1), he is not entitled to relief under Rule 60(b)(6). *See Wallace v. McManus,* 776 F.2d 915, 916 (10th Cir.1985) (Rule 60(b)(6) relief not available if asserted grounds for relief are covered by another provision of Rule 60(b)); James Wm. Moore, 12 *Moore's Federal Practice 3d* § 60.48[1] at 60–167 (same). Second, "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to

**2.** Even if the Court had substituted the United States for plaintiff's three individual defendants, plaintiff is not entitled to relief under Rule 60(b). First, because he did not file his Rule 60(b) motion before the deadline to appeal, he cannot invoke Rule 60(b) based on a mistake of law. *See supra.* Second, plaintiff has not responded to defendants' argument that his complaint fails to state a claim on which relief may be granted. After the Tenth Circuit opinion in *Scherer v. United States,* plaintiff's only potentially viable claim in this action is that 28 U.S.C. § 1346(d) is unconstitutional because it violates his right to jury trial for equity claims and "[t]he administrative process as used by the Veterans Administration provides no opportunity for a claim to be decided by a jury trial and that failure is in violation of the United States Constitution right to a jury trial for claims of equity." *Civil Complaint* (Doc. # 1) ¶ 12; *see* plaintiff's *Rule 60 Motion To Reinstate The Case* (Doc. # 47) filed February 4, 2003 at 1. Defendants note that 28

U.S.C. § 1346(d) is a valid exercise of sovereign immunity, that plaintiff is not entitled to a jury trial for claims of equity, *see Mile High Indus. v. Cohen,* 222 F.3d 845, 856 (10th Cir.2000), and that the Seventh Amendment right to a jury trial does not apply to administrative procedures established by Congress. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 n. 4, 51–54, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (party not entitled to jury trial on legal claim which asserts "public right" if Congress assigns adjudication to administrative agency or specialized court of equity). Plaintiff has not responded to these arguments. Pursuant to D. Kan. Rule 6.1(e) and Fed.R.Civ.P. 6(e), any reply brief by plaintiff was due on March 4, 2003. For substantially the reasons stated in *Defendants' Response to Scherer's "Rule 60 Motion To Reinstate Case"* (Doc. # 49) filed February 18, 2003, and the lack of opposition by plaintiff, the Court finds that plaintiff has failed to state a claim on which relief may be granted.

protect his own interests." *Cashner,* 98 F.3d at 580 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2864, at 359). Plaintiff voluntarily elected not to appeal the Court's judgment in this case. Rule 60(b)(6) relief is therefore inappropriate. Finally, based on the Tenth Circuit remand in *Scherer v. United States, supra,* plaintiff has an available forum for his constitutional challenge to 28 U.S.C. § 1346(d). Plaintiff has not shown why he is entitled to challenge the same statutory provision in multiple cases, or how he will be prejudiced if that opportunity is denied him. The Court therefore declines to grant relief under Rule 60(b)(6).

**IT IS THEREFORE ORDERED** that plaintiff's *Rule 60 Motion To Reinstate The Case* (Doc. # 47) filed February 4, 2003 be and hereby is **OVERRULED.**