**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS E. SCHERER,

Plaintiff-Appellant,

v.

KENT HILL, in his individual
capacity as Director of the Kansas City
VA Medical Center and former
Director of the Wichita, Kansas VA
Regional Office; WILLIAM EMMOT,
Dr., Chief of Staff Kansas City VA
Medical Center; WAYNE HILL, in his
individual capacity as Adjudication
Officer Wichita, Kansas VA Regional
Office,

Defendants-Appellees.

No. 03-3137

(D. Kansas)

(D.C. No. 02-CV-2043-KHV)

**ORDER AND JUDGMENT***

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding pro se, Thomas E. Scherer appeals the district court's decisions denying his Fed. R. Civ. 60(b) motion to vacate the judgment entered on September 20, 2002, and the district court's decision denying his Motion to Reconsider Memorandum and Order Overruling A Motion to Reinstate A Case. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not aid in the disposition of this appeal. See Fed. R. App. P. 34(a)(1)(c). The case is therefore ordered submitted without oral argument. Moreover, after reviewing the record and the applicable law, we further conclude for substantially the same reasons set forth by the district court that the court did not abuse its discretion in denying Mr. Scherer's motions.

## I. BACKGROUND

Mr. Scherer, an honorably discharged Navy veteran, filed this pro se action against Veterans Administration officials, challenging the denial of disability benefits. Mr. Scherer alleged that he contracted a chronic skin condition during his service and that he is entitled to a disability rating of 30 percent and corresponding benefits beginning in 1976. Mr. Scherer further alleged that "the Veterans Administration provides no opportunity for a claim to be decided by a

-2-

jury trial and that failure is in violation of the United States Constitution right to a jury trial for claims of equity." Rec. doc. 1, at 4 (Complaint, filed Jan. 31, 2002).

On September 17, 2002, the district court issued a memorandum and order dismissing Mr. Scherer's complaint. The court reasoned that "federal law regarding veterans' benefits provides that decisions regarding veterans' benefits are unreviewable in the federal district courts." Scherer v. Hill, No. 02-2043-KHV, 2002 WL 31109699, at *1 (D. Kan. Sept. 17, 2002) (internal quotation marks omitted). The court added that Mr. Scherer had not shown that he could sue the defendants for actions taken in their official capacities. Id. The court entered a final judgment in favor of the defendants on September 20, 2002.

Mr. Scherer filed a separate action against the United States alleging similar claims. In that case, the district court also dismissed the complaint See Scherer v. United States, No. 01-2428-JWL, 2002 WL 299315 (D. Kan. Feb. 15, 2002). Mr. Scherer appealed that dismissal, and this Court affirmed in part, and vacated and remanded in part. In particular, we concluded that the district court had subject matter jurisdiction to consider Mr. Scherer's constitutional challenge to 28 U.S.C. § 1346(d), which provides that " [t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension."

See 28 U.S.C. § 1346; Scherer v. United States, No. 02-3067, 2003 WL 191463 (10th Cir. Jan. 29, 2003).

On February 4, 2003, Mr. Scherer filed a motion to vacate the September 20, 2002 judgment pursuant to Fed. R. Civ. P. 60(b). Mr. Scherer invoked this court's decision in the related case—Scherer v. United States, No. 02-3067 —arguing that, as in that case, the claims regarding the constitutionality of § 1346(d) should be allowed to proceed.

The district court denied Mr. Scherer's Rule 60(b) motion. See Scherer v. Hill, 213 F.R.D. 431 (D. Kan. 2003). The court reasoned that the motion was untimely. See id. at 433-34 ("A Rule 60(b)(1) motion cannot be used to challenge a substantive ruling of the Court unless it is filed within the time frame required for filing a notice of appeal. The Clerk entered judgment on September 20, 2002 and plaintiff did not file his Rule 60(b) motion until February 4, 2003.") (internal quotation marks and citations omitted). The court also observed that Mr. Scherer "ha[d] not alleged an obvious error of law within the meaning of Rule 60(b)(1)." Id. at 434. Finally, the court reasoned, Mr. Scherer was not entitled to relief under Fed. R. Civ. P. 60(b)(6). See id. at 434-35 ("[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. [Mr. Scherer] voluntarily elected not to appeal the

Court's judgment in this case. Rule 60(b)(6) relief is therefore inappropriate.") (internal quotation marks and citations omitted).

Mr. Scherer then filed a Motion to Reconsider Memorandum and Order Overruling a Motion to Reinstate The Case. The district court denied that motion as well. See Scherer v. Hill, No. 02-2043-KHV, 2003 WL 21011361 (May 1, 2003).

## II. DISCUSSION

On appeal, Mr. Scherer challenges the district court's denial of his Rule 60(b) motion to vacate and his Motion to Reconsider Memorandum and Order Overruling a Motion to Reinstate The Case. "We review the district court's denial of a Fed. R. 60(b) motion to vacate for an abuse of discretion," mindful that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotation marks omitted). For substantially the same reasons set forth by the district court, we discern no abuse of discretion here. Because a Rule 60(b) motion cannot be used as a substitute for an appeal, Mr. Scherer's challenge to the dismissal of his complaint was untimely. Orner v. Shalala, 30 F.3d 1307, 1309-10 (10th Cir. 1994). Moreover, as the district court observed "based on the Tenth Circuit remand in Scherer v. United States, supra, [Mr.

Scherer] has an available forum for his constitutional challenge to 28 U.S.C. § 1346(d). [Mr. Scherer] has not shown why he is entitled to challenge the same statutory provision in multiple cases, or how he will be prejudiced if that opportunity is denied him." Scherer, 213 F.R.D. at 435.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's decisions denying Mr. Scherer's Rule 60(b) motion to vacate and his Motion to Reconsider Memorandum and Order Overruling a Motion to Reinstate the Case.

Entered for the Court,

Robert H. Henry
Circuit Judge