# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                         Elisabeth A. Shumaker
Clerk                                                         Chief Deputy Clerk

October 21, 1996

**TO:**   All recipients of the captioned order and judgment

**RE:**   95-3244 Weaver v. U.S.
          April 29, 1996

Please be advised of the following correction to the captioned decision:

The correct filing date of the order and judgment in this appeal is April 29, 1996.
Please see the attached order.

Enclosed please find a copy of the opinion reflecting the correct filing date.

                                   Very truly yours,

                                   Patrick Fisher, Clerk

                                   Susan Tidwell
                                   Deputy Clerk

encl.

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROLAND S. WEAVER,                       )
                                        )
            Plaintiff-Appellant,        )
                                        )
v.                                      )     No. 95-3244
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Defendant-Appellee.         )

_____

**ORDER**
**Filed 4/28/06**
_____

*Before **ANDERSON, BARRETT** and **LOGAN,** Circuit Judges.*
_____

The court's order of October 16, 1996 granting appellee's motion to publish

incorrectly suggested that the order and judgment in this appeal was filed on August 28.

The correct filing date is April 29, 1996. Likewise, the mandate issued forthwith on April

29, 1996.

The order of October 16 is corrected nunc pro tunc to cure these errors.

Otherwise, the court's order remains the same.

Entered for the Court

PATRICK FISHER, Clerk


By:

Deputy Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FILED 4/29/96

ROLAND S. WEAVER,

      Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 95-3244

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 94-CV-4202)**

SUBMITTED ON THE BRIEFS:[*]

Roland S. Weaver II, Topeka, Kansas, Pro Se Appellant.

Randall K. Rathbun, United States Attorney, and Melanie D. Caro, Assistant United States Attorney, Topeka, Kansas, for Appellee.

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

**ANDERSON**, Circuit Judge.

--------

Roland S. Weaver appeals the district court's decision dismissing his case for lack of subject matter jurisdiction. We affirm.

In October 1994, Weaver filed a pro se complaint seeking "[a]ggravated service connected disability compensation." R. Vol. I, Tab 2, at 5. His complaint stated that the regional office of the Veterans Administration (VA) had ruled against him on his claim for disability benefits in December, 1988. Id. at 3. He alleged that certain VA employees had (1) conspired with members of the military to conceal or lose his medical records, in an attempt to prevent him from receiving just military disability compensation, and to practice "usery" [sic] on him with no intent to rule in his favor, id. at 1; (2) violated their fiduciary trust and contractual agreement with him, under color of law, id. at 2; (3) violated the "Soldiers and Sailors Relief Act of 1940," id.; (4) rendered a biased decision against him, with intent to refuse him or his counsel the right to view his medical records, id. at 3; (5) "violated R.I.C.O.," id. at 4; and (6) conspired to commit fraud and misrepresentation, and wasted government funds, id. Weaver sought compensatory and punitive damages and "R.I.C.O. prosecution of 'all' responsible parties." Id.[1]

On motion of the government, the district court substituted the United States as the

--------

[1]Despite labeling his complaint a petition for "injunctive relief," Weaver requested only money damages as relief for the alleged civil wrongs. His request for criminal prosecution in this civil action was legally frivolous and will not be considered further.

proper party defendant. See R. Vol. I, Tabs 4, 16. The court then granted the government's motion to dismiss, concluding it lacked subject matter jurisdiction over a complaint seeking review of a VA decision that denied individual benefits. See id., Tab 27, at 3-4.

We review de novo the district court's order dismissing the case for lack of subject matter jurisdiction. Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995). We may affirm the district court's dismissal on any basis supported by the record and the law. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

The district court properly concluded that it lacked subject matter jurisdiction over Weaver's claim for veteran disability benefits or for a review of the VA's administrative decision in Weaver's case. Federal law provides that such decisions are unreviewable in the federal courts:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added); see Johnson v. Robison, 415 U.S. 361, 370 (1974) (recognizing statute's dual purpose of insulating courts and VA from veteran benefits litigation and of insuring uniform determinations of benefits and application of VA policy) (construing predecessor statute, 38 U.S.C. § 211(a)); Tietjen v. United States Veterans Administration, 884 F.2d 514, 515 (9th Cir. 1989) (affirming district court

3

dismissal under § 211(a) of challenge to benefits determination); H.R. Rep. No. 1166, 91st Cong., 2d Sess. (1970), reprinted in 1970 U.S.C.C.A.N. 3723, 3731 ("Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans . . . .").

Besides challenging the underlying benefits determination, Weaver's complaint contains additional allegations of "conspiracy," "fraud," "misrepresentation," and so forth, against individual VA officials. We examine the substance of these allegations, rather than the plaintiff's labels, to determine their true nature. Cf. Tietjen, 884 F.2d at 515. Without exception, they seek review of actions taken in connection with the denial of Weaver's administrative claim for benefits. They are, in substance, nothing more than a challenge to the underlying benefits decision. Cf. id. (holding that substance of complaint sought review of benefits determination, despite characterization as a constitutional challenge). Dismissal for lack of subject matter jurisdiction was therefore appropriate.

We note that Weaver's complaint also seeks monetary damages in excess of the benefits sought and denied. See R. Vol. I, Tab 2, at 4. Assuming, then, that his allegations against the individual VA employees are separate claims not precluded from judicial review by 38 U.S.C. § 511(a), they are nevertheless barred by the United States' immunity as a sovereign. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be

4

sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)). Weaver's pleadings offer no grounds for finding an express waiver of immunity over any of the claims in question and, therefore, no proper grounds for jurisdiction in federal court.[2]

On appeal, Weaver argues that jurisdiction is appropriate, and sovereign immunity inapplicable, under Hafer v. Melo, 502 U.S. 21 (1991). See Appellant's Rebuttal to Defs. Mot. to Dismiss at 1 ¶¶ 1-2 (referencing, without citation, "HAEFER V. MELO"). Hafer, however, was an action under 42 U.S.C. § 1983 holding that state officials could be personally liable for damages based on actions taken in their official capacities; it does not apply in this case. Weaver's own argument on appeal recognizes that the named individual defendants were "operating within their 'official Capacity', as Agents, for the U.S. Government." Id. ¶ 2 (emphasis added). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the

_____

[2]Neither the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. §§ 501-593, nor the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 -- the two federal statutes mentioned by name in Weaver's complaint -- provide such an express waiver.

United States." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (emphasis added). As such, the district court properly substituted the United States as the party defendant in this case, and the doctrine of sovereign immunity precludes this suit. See Atkinson, 867 F.2d at 590; National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1246 (10th Cir. 1989) (plaintiff cannot avoid federal government's sovereign immunity simply by naming individual officers and employees as defendants); see also 28 U.S.C. § 2679(d)(1) (district court shall substitute United States as party defendant upon government certification that defendant employees acted within scope of employment); R. Vol. I, Tab 4 attach. (government certification).

For these reasons, we conclude the district court properly dismissed the complaint.[3]

AFFIRMED. The mandate shall issue forthwith.

---

[3]We need not consider the other issues Weaver raises for the first time in the materials he has submitted to this court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

6