John C. WEATHERMON, Plaintiff,

v.

DISABLED AMERICAN VETERANS,
Defendant.

No. 4:97CV3397.

United States District Court,
D. Nebraska.

Aug. 12, 1998.

John C. Weathermon, St. Joseph, MO, pro se.

Tory M. Bishop, Marcia A. Judd, Kutak, Rock Law Firm, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

John C. Weathermon has filed a complaint and amended complaint against the Disabled American Veterans (DAV), claiming that the Lincoln, Nebraska, office of the DAV violated his right to due process when the DAV—as Weathermon's appointed representative in his claim to the Department of Veteran Affairs for disability benefits—(1) withheld evidence that would have resulted in four additional years of benefits for Weathermon had the DAV brought it to the Department's attention earlier; (2) unnecessarily delayed his hearing before the "ratings board" by erroneously sending his records to Wichita, Kansas, when the hearing was eventually held in Lincoln; and (3) exploited Weathermon's psychotic disability by writing letters to him containing "provocative" language and by refusing to produce information Weathermon requested. Weathermon also complains that the hearing officer engaged in "lying and deception" in making a decision because the hearing officer ignored what Weathermon viewed as his "first line of evidence—reports from the original examining doctor" and because the hearing officer referred to a June 15, 1991, examination of Weathermon which did not in fact exist.

In sum, Weathermon prays for an order requiring the DAV to pay Weathermon full disability payments for the four years preceding Weathermon's victory before the Board of Veterans' Appeals in Washington, D.C.—a victory which was allegedly based on evidence the DAV refused to introduce in proceedings that preceded Weathermon's appeal to the Board. (Complaint & Amended Complaint, Filings 1 & 6.)

Defendant DAV has filed a motion to dismiss (filing 7) pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3) alleging lack of subject matter jurisdiction. The court granted Weathermon's motion for an additional 90 days in which to respond to DAV's motion to dismiss (filing 9), but Weathermon has failed to respond.

For the following reasons, I shall grant DAV's motion to dismiss.

### Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, this court has original jurisdiction of all civil actions where the matter in controversy, excluding interest and costs, exceeds $75,000 and is between citizens of different states. A corporation is deemed to be a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Although it is unclear, it appears that plaintiff Weathermon may now be a resident of Missouri. (Filing 14.)

■ The defendant in this case, the DAV, is a federally chartered corporation created by an act of Congress which is authorized, among other things, to "establish and maintain offices for the conduct of its business" and to "establish State and Territorial organizations and local chapter or post organizations." 36 U.S.C. § 90d (1988). The statute creating the corporation declares the DAV as "a body corporate" with no particular situs. 36 U.S.C. § 90a. As such, the DAV is a citizen of the United States—not any one state—for jurisdictional purposes. *Duke v. Disabled Americans Veterans Org.*, 1998 WL 54359 (E.D.Pa. Jan.9, 1998) (federal district court did not have diversity jurisdiction over suit against DAV because DAV is citizen of the United States for jurisdictional pur-

poses); *Rice v. Disabled American Veterans*, 295 F.Supp. 131, 133–34 (D.D.C.1968) (federal district court did not have diversity jurisdiction over suit against DAV because DAV is federally chartered corporation which has statutory authority to operate in all states without regard to any particular situs, thereby creating "national citizenship only" for diversity purposes). *See also Little League Baseball, Inc. v. Welsh Publishing Group, Inc.*, 874 F.Supp. 648, 651 (M.D.Pa.1995) (a federally chartered corporation with widespread activities may not "be the subject of diversity jurisdiction absent specific statutory language providing for citizenship in a particular state or incorporating the entity as a 'body corporate' of a particular state"; citing *Rice* as example of federally chartered corporation which has been held to be national citizen for diversity purposes).

Therefore, this court does not have diversity jurisdiction over Plaintiff's claims.

### Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Without further allegations of jurisdiction, plaintiff Weathermon broadly complains that the DAV failed in its legal duty to competently represent him, as set forth in "Title 38 U.S.Code." (Amended Complaint, Filing 6, at 1.) Title 38 consists of sections 101 through 8528, each section of which deals with veterans' benefits in some fashion. I conclude this court does not have subject matter jurisdiction over Weathermon's claims for two reasons.

■ First, the federal district court in *Duke* decided that it did not have subject matter jurisdiction over a lawsuit filed by a veteran against the DAV in which the veteran sought money for service-connected disabilities that were "ignored and denied" by the DAV by virtue of the DAV's "conspiracy, omission, falsification and lies." *Duke*, 1998 WL 54359, at *1. The court noted that Congress "specifically declared by statute that the federal district courts 'shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was

incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.'" *Id.* (quoting 28 U.S.C. § 1349). The court concluded that it lacked subject matter jurisdiction over the case "[s]ince the United States does not own more than one-half the capital stock of ... DAV." *Id. See also Rice,* 295 F.Supp. at 132 (the fact that the DAV is federally chartered by an act of Congress does not create federal question jurisdiction, citing 28 U.S.C. § 1349 and stating that the United States does not own more than one-half the capital stock of the DAV).

Second, with its passage of the Veterans' Judicial Review Act (VJRA) in 1988, Congress made evident its intent to preclude federal district courts from reviewing benefits determinations. The Act created an "exclusive review procedure" by which veterans may resolve their disputes with the Department of Veterans Affairs. *Zuspann v. Brown,* 60 F.3d 1156, 1158 (5th Cir.1995), *cert. denied,* 516 U.S. 1111, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996). This "exclusive" process includes review by the Secretary of Veterans Affairs, the Board of Veterans' Appeals, the Court of Veterans Appeals, and the United States Court of Appeals for the Federal Circuit. *Id.* (describing review procedure); *Lucarelli v. Brown,* 1997 WL 68272, at *1 (D.C.Cir.1997) (to the extent veteran sought review of action or decision by the VA or Board of Veterans' Appeals regarding veteran's disability rating or claim for benefits, federal district court lacked jurisdiction because the Court of Veterans Appeals and United States Court of Appeals for the Federal Circuit were the appropriate forums for appeal); *Hicks v. Veterans Administration,* 961 F.2d 1367, 1369–70 (8th Cir.1992) (VJRA provides a specific appellate review mechanism for all claims necessary to a decision which affects benefits; description of review process).

Courts have decided that the following claims asserted by veterans were not within the jurisdiction of federal district courts: a challenge to the constitutionality of procedures used by a regional VA office and the Board of Veterans' Appeals to adjudicate benefit claims, *Beamon v. Brown,* 125 F.3d 965, 974 (6th Cir.1997); a challenge to a regulation promulgated by the Secretary of Veterans Affairs, *Hall v. United States Dep't Veterans' Affairs,* 85 F.3d 532, 534–35 (11th Cir.1996); a claim that VA employees conspired with members of the military to conceal or lose a veteran's medical records in an attempt to prevent him from receiving military disability compensation, *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir.1996); a claim that VA officials provided inadequate medical care, thereby violating the Constitution and the Rehabilitation Act of 1972, *Zuspann,* 60 F.3d at 1159–60; and a claim that the VA reduced a veteran's disability benefits because the veteran exercised his First Amendment rights, *Hicks,* 961 F.2d at 1370.

 In analyzing a veteran's claims for subject-matter-jurisdiction purposes, courts will "examine the substance of [the] allegations, rather than the plaintiff's labels," to determine whether the veteran is in substance challenging an underlying benefits determination, *Weaver,* 98 F.3d at 520. In this case, Weathermon ultimately complains about a disability determination made by the Board of Veterans' Appeals. That the cause for the allegedly faulty determination is questionable—whether it be the DAV representative's error, the hearing officer's failure to consider relevant evidence, or the failure of the Board of Veterans' Appeals to award benefits for the proper length of time—does not change the nature of Weathermon's basic and essential request for additional benefit payments. Therefore, to the extent Weathermon's claim challenges an underlying benefits determination, this court lacks subject matter jurisdiction over Weathermon's claims.

### Conclusion

Because plaintiff Weathermon has failed to make allegations that would confer either diversity or subject-matter jurisdiction upon this court over Weathermon's claims, I shall grant the DAV's motion to dismiss (filing 7).

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 7) pursuant to Fed.R.Civ.P. 12(b)(1) and

12(h)(3) is granted, and this case is dismissed; and

2. Judgment shall be entered by separate document.

## JUDGMENT

Pursuant to the previous memorandum and order filed this date, Plaintiff's complaint and amended complaint are dismissed for lack of subject matter jurisdiction.