SCHALL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Thomas E. Scherer’s appeal for lack of jurisdiction. Scherer opposes. The Secretary replies. Scherer moves for sanctions. Scherer moves to strike the Secretary’s motion to dismiss. The Secretary moves for leave to file an opposition to the motion to strike. Scherer asks to withdraw his motion to strike.
*861 The Court of Appeals for Veterans Claims denied Scherer’s petition for a writ of mandamus seeking to accelerate action by the Board of Veterans’ Appeals on Scherer’s remanded appeal. The court ruled that Scherer had failed to show a clear and indisputable right to the writ. Scherer appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
Scherer states that the Court of Appeals for Veterans Claims erred in rejecting his contention that the Board had faded to “expeditiously” handle his case on remand. Scherer does not raise a constitutional issue or challenge the interpretation of a statute or regulation. Rather, Scherer challenges the application of the law to the facts of his case. Our limited jurisdiction does not permit review. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d).*
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Scherer’s motion for sanctions is denied.
(4) Scherer’s motion to strike is moot.
(5) The Secretary’s motion for leave to file an opposition to the motion to strike is granted.
(6) Each side shall bear its own costs.

We note that Scherer informs us that the regional office issued a decision establishing at 10% evaluation, effective date October 3, 1995.