F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS E. SCHERER,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No.  02-3067
D.C. No. 01-CV-2428-JWL
(D. Kansas)

---

**ORDER AND JUDGMENT**   *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Thomas Scherer appeals the judgment of the district court dismissing his

complaint for want of subject matter jurisdiction.  We review such a dismissal de

novo.  Weaver v. United States , 98 F.3d 518, 519 (10th Cir. 1996).  Although the

district court lacked jurisdiction over most of Scherer's claims, the district court

did have jurisdiction over Scherer's constitutional challenge to 28 U.S.C. §

---

*      The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

1346(d), and this claim should not have been dismissed for lack of jurisdiction. Therefore, we affirm in part and vacate and remand in part.

Scherer's complaint seeks damages and other relief in connection with the processing of his applications for various benefits from the Veteran's Administration ("VA"). Citing 38 U.S.C. § 511(a), the district court dismissed the claims in their entirety. Section 511(a) provides in relevant part:

> The Secretary [of Veterans' Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Accordingly, that portion of Scherer's complaint challenging the VA's handling of his applications for benefits cannot be reviewed in the federal courts. Weaver, 98 F.3d at 519.

In addition to challenging directly the actions of the VA in relation to his claims for benefits, Scherer also alleges various violations of the Freedom of Information Act, the Americans with Disabilities Act, the Equal Protection Clause, and the Due Process Clause. "We examine the substance of these allegations, rather than the plaintiff's labels, to determine their true nature." Id. at 520. Because these claims are all, in reality, challenges to the underlying

-2-

processes of the VA and its benefit decisions, they are similarly outside the jurisdiction of the federal courts.    See id.

While the district court lacked subject matter jurisdiction over the majority of Scherer's claims, Scherer also alleged in fact twelve of his complaint that 28 U.S.C. § 1346(d) is unconstitutional.  Section 511(a) does not divest the district court of jurisdiction to hear this claim.    See Johnson v. Robison  , 415 U.S. 361, 373 (1974) (rejecting a construction of the predecessor of § 511(a) that would have extended the jurisdictional bar of that section to "actions challenging the constitutionality of laws providing benefits for veterans");    see also  Sugrue v. Derwinski , 26 F.3d 8, 11 (2d Cir. 1994) (noting that courts have jurisdiction over challenges to the constitutionality of statutes underlying veterans' programs). It was thus error to dismiss this claim on jurisdictional grounds.

Accordingly, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings.  Plaintiff's motion for oral argument in this court is DENIED.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-3-