**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS E. SCHERER,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 03-3158
(D.C. No. 01-CV-2428-JWL)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Thomas E. Scherer, appearing pro se, appeals the district court's order dismissing his claim challenging the constitutionality of 28 U.S.C.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1346(d) under Fed. R. Civ. P. 12(b)(6).  Our jurisdiction arises under 28 U.S.C.

§ 1291.  We affirm.

I.

Plaintiff filed suit against the United States seeking monetary damages and

other relief in connection with the processing of his applications for disability

benefits from the Department of Veterans Affairs (VA). [1]  Citing 38 U.S.C.

§ 511(a), the district court determined that the VA's "decisions regarding

veterans' benefits are unreviewable in the federal district courts." *Scherer v.*

*United States*, No. 01-CV-2428, 2002 WL 299315, at *1 (D. Kan. Feb. 15, 2002).

The court therefore dismissed plaintiff's complaint for lack of subject matter

jurisdiction. *Id.* at *2.  Plaintiff then appealed to this court, and we affirmed the

dismissal of plaintiff's claims challenging the handling of his applications for

disability benefits. *Scherer v. United States*, 55 Fed. Appx. 517, 517-18

(10th Cir. Jan. 29, 2003).  We noted, however, that plaintiff "also alleged in fact

twelve of his complaint that 28 U.S.C. § 1346(d) is unconstitutional," and we held

that "[s]ection 511(a) does not divest the district court of jurisdiction to hear this

claim." *Id.* at 518.  Thus, we remanded plaintiff's claim challenging the

constitutionality of § 1346(d) to the district court for further proceedings. *Id.*

---

[1]  In his complaint, plaintiff also alleged that the VA wrongfully denied him life insurance benefits and violated the Freedom of Information Act, but these claims are not at issue in this appeal.

Section 1346(d) is known as the "Tucker Act," and it "bars the district courts from taking jurisdiction of 'any civil action or claim for a pension.'" *Wojton v. United States*, 199 F. Supp. 2d 722, 726 (S.D. Ohio 2002) (quoting 28 U.S.C. § 1346(d)). In his complaint, plaintiff asserted that § 1346(d) "violates the rights guaranteed by the United States Constitution right to a jury trial in equity claims." R., Doc. 1 at 3, Fact 12. On remand to the district court, the court dismissed plaintiff's claim challenging § 1346(d) under Fed. R. Civ. P. 12(b)(6). Specifically, the district court concluded that plaintiff had failed to state a claim upon which relief could be granted because: (1) plaintiff's complaint referred to an alleged right to a jury trial in "equity claims," but "the Seventh Amendment right to a jury trial attaches only to actions at law," *Scherer v. United States*, No. 01-CV-2428, 2003 WL 21254724, at *1 (D. Kan. May 30, 2003) (citing *Mile High Indus. v. Cohen*, 222 F.3d 845, 856 (10th Cir. 2000)); (2) "section 1346(d) does not limit a party's right to a jury trial in cases involving veteran's benefits; rather, it limits the jurisdiction of the federal district courts . . . [and] [i]t is beyond dispute that Congress 'has the constitutional authority to define the jurisdiction of the lower federal courts,'" *id.* (quoting *Castaneda v. INS*, 23 F.3d 1576, 1579 n.2 (10th Cir. 1994)); and (3) "'[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply

-3-

in actions against the Federal Government,'" *id.* (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).

Before the district court dismissed his claim challenging § 1346(d), plaintiff filed a motion for a declaratory judgment under Fed. R. Civ. P. 57. In his motion, plaintiff sought a declaration from the district court that he was entitled to recover costs and attorney fees from the government as a "prevailing party." Plaintiff claimed that he was a prevailing party because, in January 2003, while he was awaiting a decision from this court in his prior appeal, the VA issued a decision assigning him a disability rating of thirty percent and awarding him disability benefits retroactive to 1975. Plaintiff also argued that he was a prevailing party in his appeal to this court since he obtained a remand on his claim that § 1346(d) is unconstitutional. The district court did not address the merits of plaintiff's motion for a declaratory judgment, as the court denied the motion as moot when it dismissed plaintiff's claim challenging the constitutionality of § 1346(d). *Scherer*, 2003 WL 21254724 at *1-*2.

.                                                           II.

In this appeal, plaintiff raises three issues:

a) Did the lower court trial judge abuse judicial discretion and err by ruling . . . that Scherer's motion for declaratory judgment (seeking costs and attorney fees from the government) was moot?

b) Does the Secretary of the VA have the ability to administer, enforce and provide remedy for statutory violations of government

-4-

wide statutes such as the [Americans With Disabilities Act], the [Freedom of Information Act] and other laws outside of [38 U.S.C. § 511(a)]?

c) The plaintiff asks the US Court of Appeals to decide whether Congress erred in making amendments to the Economy Act of 1933 by its *all laws* clause.

Aplt. Opening Br. at vi.

We implicitly decided issues b) and c) adversely to plaintiff in his prior appeal. *Scherer* , 55 Fed. Appx. at 517-18. Thus, plaintiff is barred by res judicata from again raising these issues. In addition, while plaintiff briefly argues at the end of his opening brief that § 1346(d) is unconstitutional, Aplt. Opening Br. at 13-15, the constitutionality of § 1346(d) is not listed as an issue in plaintiff's statement of issues, *id.* at vi. As a result, plaintiff has waived his constitutional challenge to § 1346(d). *See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Continental Ins. Co.* , 891 F.2d 772, 776 (10th Cir. 1989) (holding that "[a]n issue not included in either the docketing statement [2] or the statement of issues in the party's initial brief is waived on appeal"). Alternatively, even if there was no waiver, we reject plaintiff's claim that § 1346(d) is unconstitutional for substantially the same reasons set forth in the district court's order. *See Scherer* , 2003 WL 21254724, at *1.

---

[2] Plaintiff has not submitted a docketing statement in this appeal.

The only issue remaining is whether the district court erred in denying plaintiff's motion seeking a declaration that, as a "prevailing party," he was entitled to recover the costs and attorney fees incurred in the district court and in his prior appeal. In analyzing this issue, we assume: (1) that plaintiff is seeking to recover his district court costs and attorney fees under Fed. R. Civ. P. 54(d)(1) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and (2) that plaintiff is seeking to recover his appellate court costs and attorney fees under Fed. R. App. P. 39(b) and EAJA. [3]

We conclude that plaintiff is not a prevailing party in this case. First, we note that, pursuant to 38 U.S.C. §§ 511(b)(4), 7252, and 7292, plaintiff had the right to appeal certain matters relating to the VA's decisions concerning his applications for disability benefits to the Board of Veterans' Appeals, the United States Court of Appeals for Veterans Claims, and the United States Court of Appeals for the Federal Circuit. We also note that plaintiff has pursued certain appellate remedies with these entities. *See Scherer v. Principi*, 19 Fed. Appx.

---

[3] Federal Rule of Civil Procedure 54(d)(1) and Fed. R. App. P. 39(b) authorize an award of costs against the United States if the award is otherwise authorized by law. For purposes of this case, the authorizing statute is EAJA, as it provides that "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(a)(1). EAJA further provides that, subject to certain conditions, attorney fees may be awarded to the prevailing party in any civil action against the United States. *Id.*, § 2412(b) and (d)(1)(A).

860, 861 (Fed. Cir. Aug. 30, 2001) (dismissing appeal regarding denial of petition for writ of mandamus seeking to accelerate action by the Board of Veterans' Appeals on remanded appeal). In fact, the VA's award of disability benefits to plaintiff in January 2003 was in response to one or more of his other appeals. *See* Letter from the VA to plaintiff dated January 4, 2003 [4] (stating that the VA had decided to award plaintiff retroactive disability benefits "based on the Board of Veterans' Appeals (BVA) Remand decision dated November 6, 2002").

Second, plaintiff's claim for costs and attorney fees is based on the "'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if [he] achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001). In *Buckhannon*, the Supreme Court held that the catalyst theory is not a viable theory of recovery under the "[n]umerous federal statutes," such as EAJA, which provide for an award of costs and/or attorney fees to the "prevailing party." [5] *Id.* at 600. Instead, to be a

---

[4] A copy of this letter is attached to plaintiff's opening brief.

[5] Although *Buckhannon* involved the prevailing party provisions in the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act, 42 U.S.C. § 12205, the holding of the case applies with equal force to the prevailing party provisions in EAJA. *See Buckhannon*, 532 U.S. at 603 (noting that the term "prevailing party" is "a legal term of art"); *see also Vaughn v. Principi*, 336 F.3d 1351, 1355 (Fed. Cir.) (rejecting claim for attorney fees under EAJA based on catalyst theory because "*Buckhannon's* rejection of the
(continued...)

prevailing party, a litigant must obtain a "material alteration of the legal relationship of the parties," *id.* at 604, and this requires a party to obtain some form of judicial "relief on the merits" such as an enforceable judgment or a court-ordered consent decree, *id.* Consequently, because plaintiff has not obtained any judicial relief in this case with respect to the merits of his underlying claims for disability benefits or his challenge to § 1346(d), he is not a prevailing party under EAJA.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[5](...continued)
'catalyst theory' applied to EAJA"), *petition for cert. filed*, 72 U.S.L.W. 3427 (U.S. Dec. 12, 2003) (No. 03-872); *Perez-Arellano v. Smith*, 279 F.3d 791, 794-95 (9th Cir. 2002) (same).