**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DAVID HOLROYD,

        Plaintiff - Appellant,

        v.

DEPARTMENT OF VETERANS
AFFAIRS,

        Defendant - Appellee.

No. 07-3224

(D. Kansas)

(D.C. No. 06-CV-4133-SAC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant Robert David Holroyd appeals the dismissal of this action for lack of jurisdiction. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Holroyd receives from the Veterans Administration ("VA") a non-service related disability pension based upon head injuries he sustained in an accident in 1978. Proceeding *pro se*, Holroyd filed a complaint with the district court, alleging that the VA had failed to reimburse him for certain "out-of-pocket" medical expenses in 2005. He alleges this has led to further deficiencies and problems, for which he sought, *inter alia*, an audit and "accurate accounting and explanations." Civ. Complaint at 3, R. Vol. 1, tab 1.

Defendant, the Department of Veterans Affairs ("Department"), filed a motion to dismiss for lack of subject matter jurisdiction. The district court granted the motion to dismiss, finding that "[f]ederal law provides that the denial of VA benefits is 'unreviewable in the federal courts.'" Mem. and Order at 3, R. Vol. I, tab 23 (quoting Weaver v. United States, 98 F.3d 518, 519 (10th Cir. 1996)). The court further noted that a challenge to the VA's decision lies with the Board of Veterans' Appeals, the Court of Veterans' Appeals and the United States Court of Appeals for the Federal Circuit.

We review the district court's grant of the Department's motion to dismiss de novo, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to Holroyd. Because he is proceeding *pro se*, we construe his pleadings liberally. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). As the district court correctly noted, relevant federal statutes provide

that the VA's decision regarding individual benefits is not reviewable in federal court:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans. . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) has no application in this case. This court accordingly lacks subject matter jurisdiction over this case.

Holroyd is not without a remedy, however, as the district court explained to him. The Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, Tit. III, 102 Stat.4051-4092 (1988) (codified as amended at 38 U.S.C. §§ 7251-7298 (2000)) ("VJRA") established a multi-tiered framework for adjudicating claims involving veterans benefits. As indicated, he may pursue his claim before the Board of Veterans' Appeals, the Court of Veterans' Appeals, and the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. §§ 511, 7104(a), 7105, 7252(a) and 7292(c).

For the foregoing reasons, the district court's decision dismissing this appeal is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge