NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. SWAFFORD,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1488

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3984, Judge Bruce E. Kasold.

---

Decided: November 8, 2016

---

ROBERT L. SWAFFORD, West Frankfort, IL, pro se.

ANTHONY F. SCHIAVETTI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; MARTIN JAMES SENDEK, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

Robert L. Swafford appeals the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"). Because Mr. Swafford fails to appeal a question within our jurisdiction, we dismiss.

## BACKGROUND

Mr. Swafford is an Army veteran who served on active duty from February 1953 to December 1954, including service in Korea during the Korean War. In the 1990s, Mr. Swafford lost his hearing. In 2007, he filed a claim for service-connected benefits for tinnitus and bilateral hearing loss. A Veterans Administration examiner reviewed his medical history, performed an examination, and concluded that it was "less likely than not" that Mr. Swafford's hearing loss and tinnitus were related to his in-service noise exposure. App. 23–24. The examiner noted that Mr. Swafford had shown normal hearing sensitivities when discharged from the Army and that in the years since his discharge he had a history of noise exposure working in housing construction.

Following the examination, the Regional Office ("RO") denied Mr. Swafford's claims. Mr. Swafford challenged that denial before the RO and later the V.A. Board of Appeals ("Board"), but both affirmed the original denial. He then appealed to the Veterans Court, which granted Mr. Swafford a remand. The court found that the Board had failed to support its decision with an adequate statement of reasons or bases and that it had relied on an inadequate medical examination to render its decision.

On remand, the Board requested an expert medical opinion from the Veterans Health Administration as to whether Mr. Swafford's hearing loss likely began in, or was caused by, his time in service. A clinical audiologist

reviewed Mr. Swafford's condition and concluded that his service did not likely cause his hearing loss, but rather its cause was likely "a combination of factors: his civilian occupational noise exposure, his recreational firearm use, genetics, and/or the aging process." App. 59–60. Following this new opinion, Mr. Swafford submitted additional evidence and the Board remanded the case to the RO.

On remand, the RO again denied Mr. Swafford's claim. Mr. Swafford appealed, and the Board affirmed. Its eighteen-page opinion reflected a detailed consideration of the record evidence. The Board concluded that "the VA examiners provided sound reasoning in the analysis of the situation" and "[t]he VA medical specialists reviewed in detail the pertinent medical records, discussed the salient facts, and provided a complete rationale for all conclusions presented." App. 94.

Mr. Swafford appealed that judgment to the Veterans Court. Through counsel, he asserted that the Board relied on an inadequate medical report, failed to comply with the original remand order, and provided inadequate reasons and bases for its decision. The Veterans Court disagreed. It affirmed the Board's findings that the medical report was adequate and that the report complied with the remand order's requirement to consider lay evidence. The court further found that the Board's decision provided sufficient reasons and bases for its opinion.

Mr. Swafford timely appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review legal questions such as those relating to the interpretation of constitutional and statutory provisions. 38 U.S.C. § 7292(c). But we may not review factual determinations or application of law to fact, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

We do not have jurisdiction to decide the issues that Mr. Swafford appeals. Mr. Swafford challenges the qualifications and competency of the audiologist who conducted the review of his medical history. But we have previously held that "the adequacy of a medical opinion is a matter beyond our appellate jurisdiction." *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013).

Mr. Swafford also challenges the merits of the Board's benefits determination. He argues that, as a right-handed rifleman, he could have suffered left ear damage, so his left ear damage has a service connection. Appellant Br. 2. And he argues that the Board misstated his dates of service.[1] *Id.* at 1. He thus requests that this court "declare all actions of the VA Board of Appeals taken after the first remand, null and void" and asks that we "award Swafford a just amount of compensation without delay." *Id.* at 2. We cannot review these arguments, however, as they each attack the factual underpinnings of the Board's denial of Mr. Swafford's claim but do not implicate a question of law over which we have jurisdiction. *See* 38 U.S.C. § 7292(c).

Besides challenging the merits of his benefits determination, Mr. Swafford also alleges that the Board "apparently conspired with two audiologist[s] not qualified as witnesses" and that "[f]alse witnesses of no knowledge of fact made discriminating statements against Veteran Robert Swafford." Appellant Br. 1. Mr. Swafford alleges

---

[1]   The Board noted that Mr. Swafford "had active service from February 1953 to September of 1954, to include service in Korea." App. 80. While this statement by the Board did not play any role in its ultimate denial of Mr. Swafford's claims, it appears to be in error. Mr. Swafford's form DD 214 shows that he entered military service on February 13, 1953, and was released from service on December 23, 1954. App. 14.

that these are constitutional issues within this court's jurisdiction. The Government responds that these claims are not actually constitutional in nature, but rather "amount[] merely to a disagreement with the contents of the examiner's report." Appellee Br. 10. We agree. To the extent that Mr. Swafford might call his claims constitutional, "his claim is constitutional in name only." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999); s*ee also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) ("We examine the substance of these allegations, rather than the plaintiff's labels, to determine their true nature.") Mr. Swafford is arguing the factual merits of his claim, "not raising a separate constitutional contention." *Helfer*, 174 F.3d at 1335. As such, we have no jurisdiction to reach his allegations.

Because Mr. Swafford raises only factual disputes beyond our jurisdiction, we dismiss.

**DISMISSED**

COSTS

No costs.