**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARL A. SPENCER,

    Plaintiff - Appellant,

v.

MARK FROMME; STATE OF
OKLAHOMA ex rel. OKLAHOMA
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants - Appellees.

No. 18-6126
(D.C. No. 5:18-CV-00556-W)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Carl A. Spencer filed negligence and civil rights claims against the State of

Oklahoma ex rel. Oklahoma Department of Veterans Affairs (the "ODVA" or

"State") and its employee, Mark Fromme.  One of the many functions of the ODVA

is to help Oklahoma veterans obtain benefits from the United States Department of

Veterans Affairs ("VA").  Spencer's claims date back to a phone call in 2006, during

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which Fromme purportedly threatened Spencer and misinformed him about his entitlement to veterans' benefits—thereby coercing Spencer to disclaim back pay and to withdraw an administrative appeal. The district court found the claims to be time-barred and dismissed them under Federal Rule of Civil Procedure 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Spencer is an honorably discharged veteran of the United States Air Force who receives disability benefits from the VA for shoulder and skin issues. According to the district court complaint, Spencer believed he was entitled to back pay for the period ranging from January 10, 1994, to July 28, 2003. He decided not to pursue that money after a telephone call with Fromme on February 15, 2006, during which Fromme allegedly "threatened him and told him he would lose his benefits if he kept going forward with his [VA administrative] appeal" on that issue. *See* Aplt. App. at 11.

In 2011, Spencer retained counsel who sought to reopen his benefits determination and obtain back pay through an administrative claim against the VA based on clear and unmistakable error.[1] The Board of Veterans' Appeals denied the claim in 2016. The Court of Appeals for Veterans Claims affirmed the denial in a Memorandum Decision dated October 27, 2017, noting therein that the Board

---

[1] A veteran may challenge the decision of a regional office or the Board of Veterans' Appeals at any time based on "clear and unmistakable error." *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 432 (2011) (quoting 38 U.S.C. §§ 5109A, 7111).

rejected Spencer's argument that he was coerced into withdrawing his appeal.[2]

Judgment was entered against Spencer on November 20, 2017. The next month, on December 17, Spencer provided notice of his tort claim to the ODVA pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151-72. The State ultimately denied his claim.

In 2018, Spencer filed two lawsuits based on his 2006 phone call with Fromme. He filed the first one in federal district court on April 5—asserting a claim under 42 U.S.C. § 1983 and a negligence claim against ODVA, but not Fromme. The district court dismissed the constitutional claim without prejudice because (1) ODVA is entitled to sovereign immunity as an arm of the State of Oklahoma and (2) ODVA is not a "person" under § 1983. It declined to exercise supplemental jurisdiction over the remaining state law claim.

Spencer then re-filed his claims in state court on May 17, this time adding Fromme as a defendant. His complaint sought damages in the amount of the relinquished back pay, as well as five million dollars under § 1983. ODVA and Fromme removed the lawsuit to federal court. On July 6, 2018, the district court dismissed Spencer's claims with prejudice on timeliness grounds under Rule 12(b)(6). Spencer filed this timely appeal.

---

[2] Spencer did not submit any documents from these proceedings within his Appendix, but we take judicial notice of the Memorandum Decision issued by the Court of Appeals for Veterans Claims. *See Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1259 n.8 (10th Cir. 2001) (explaining that we can take judicial notice of documents and docket materials filed in other courts).

## II. Analysis

### A. Jurisdiction

ODVA and Fromme argue that the district court lacked subject matter jurisdiction over this action because it involves claims related to a VA benefits determination. As explained below, the underlying premise of their argument is correct: the VA's decision denying individual benefits is not reviewable in this court. But this principle is not implicated here because Spencer is not challenging his benefits determination.

A claimant who has been denied VA benefits must follow the review procedure delineated in Title 38 of the United States Code, which governs veterans' benefits. Under that framework, the Secretary of Veterans' Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). "[T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court . . . ." *Id.* The claimant can appeal the Secretary's final decision only to the Board of Veterans' Appeals. *Id.* § 7104(a). The Court of Appeals for Veterans Claims then has exclusive jurisdiction to review the decision of the Board of Veterans' Appeals, *id.* § 7252(a), and the Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decision by the Court of Appeals for Veterans Claims, *id.* § 7292.

4

The district court acknowledged this jurisdictional argument but did not resolve it:

> Because the Court finds the defendants' arguments regarding the timeliness of Spencer's claims dispositive, the Court has not considered the defendants' arguments regarding title 38, section 511 of the United States Code and whether this Court lacks jurisdiction over Spencer's claims because Congress has created specialized courts for reviewing denials of veterans benefits and because Spencer's claims "are, in substance, nothing more than a challenge to the underlying benefits decision."

*See* Aplt. App. at 50 n.5 (quoting *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996)).  The district court thus dismissed this action under Rule 12(b)(6) based on Spencer's failure to comply with the applicable statutes of limitation without first assessing the threshold issue of subject matter jurisdiction.  Because our "independent obligation to determine whether subject-matter jurisdiction exists . . . extends to any stage in the litigation, we must resolve the potential jurisdictional issue before reaching the merits." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (internal quotation marks and citation omitted).

For guidance, we turn to *Weaver*, which was cited (but not analyzed) by the district court.  There, we upheld the dismissal of a veteran's claims based on lack of subject matter jurisdiction because the veteran expressly challenged the benefits determination, even though he also included allegations of conspiracy, misrepresentation, and fraud in his complaint.  *See Weaver*, 98 F.3d at 520.  In *Weaver*, the substance of the allegations clearly demonstrated that the veteran was asking the district court to review actions taken in connection with the denial of his

5

benefits, as well as the VA's benefits determination, in contravention of § 511(a). That is not the case here. Though the damages Spencer sought align with the back pay he supposedly relinquished, his complaint does not challenge his benefits determination in any way. Thus, because his claims do not run afoul of § 511(a), the district court had subject matter jurisdiction over them and we have jurisdiction to review the merits as well.

**B.      Negligence Claims**

The central question in this appeal is when Spencer's claims accrued. ODVA and Fromme contend the claims accrued on February 15, 2006, the date of the phone call that allegedly coerced Spencer into relinquishing any right to backpay. By contrast, Spencer sets the accrual date at November 20, 2017, when the Court of Appeals for Veterans Claims entered judgment against him. He argues that injuries are an element of a negligence claim under Oklahoma common law, and his injuries only "became real when Spencer was finally denied 9½ years of VA back-pay, after he exhausted his administrative claims with the federal government." Aplt. Opening Br. at 4. Spencer further argues that even if we agree with ODVA and Fromme, he is entitled to equitable tolling because (1) he thought Fromme was a federal employee based on the circumstances of the phone call and (2) Fromme's threat amounted to exceptional circumstances because it generated a fear of government reprisal.

Based on the allegations in the complaint, the district court concluded that any injury to Spencer occurred in 2006, not 2017. It characterized Spencer's negligence claims as being "grounded on Fromme's original interference in February 2006—through

6

threats and coercion—with Spencer's request for benefits and his appeal." Aplt. App. at 58 (alteration, internal quotation marks, and internal citation omitted). The district court reasoned that both events underlying the negligence claims took place in 2006: first, Spencer alleged that Fromme acted negligently during a meeting with a VA review officer, as memorialized in a memorandum dated February 13, 2006; second, Spencer alleged that he decided to disclaim his back pay and withdraw his appeal after the telephone call on February 15, 2006. Finally, the district court emphasized that the only injury Spencer allegedly incurred in 2017 was "the denial of benefits—which Spencer has claimed he is not seeking" through this lawsuit, *id.* at 54.

Using the 2006 date as the benchmark, the district court held that Spencer's negligence claim against ODVA was time-barred because he did not comply with the one-year notice requirement in the OGTCA, *see* Okla. Stat. tit. 51, § 156(B), when he submitted notice on December 17, 2017—more than eleven years after his loss. Likewise, it held that Spencer's negligence claim against Fromme was barred under the applicable two-year statute of limitations period for personal injury actions in Okla. Stat. tit. 12, § 95(A)(3) and, more conservatively, under the catch-all five-year limitations period in § 95(A)(12). Therefore, the district court dismissed all negligence claims as untimely.

We review the district court's dismissal under Rule 12(b)(6) de novo. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). A plaintiff must allege specific facts that would support the conclusion that he is entitled to relief; "mere labels and conclusions . . . will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation marks omitted). Although timeliness is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a complaint is subject to dismissal for failure to state a claim if the allegations show the applicable statute of limitations bars relief, *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).

We agree with the district court's conclusion. It is clear from Spencer's complaint that the two events underlying his negligence claims took place in 2006, putting him on notice of his claims. The accrual date is unaffected by the entry of judgment against him in 2017 after the administrative appeal of his benefits determination, particularly given Spencer's continued insistence that he "does not seek VA benefits in this court." Aplt. Opening Br. at 2 n.1.

Nor does the doctrine of equitable tolling save Spencer's untimely negligence claims. Spencer faults the district court for "not evaluat[ing] for 'exceptional circumstances' when it analyzed the equitable tolling doctrine." *Id.* at 8. He identifies his fear of government reprisal as an exceptional circumstance that justifies tolling. We are not persuaded. The few cases he cites, one of which is a dissent, applied the exceptional-circumstances principle to a § 1983 claim and involved dramatic circumstances of government repression that do not exist here. Furthermore, Spencer's position is inherently inconsistent. He seeks to benefit from the injury-discovery rule, inferring that he was "blamelessly unaware" of his claim,

8

*id.* at 6 (internal quotation marks omitted), until his injuries became "real" after the unsuccessful adjudication of his VA claim, *id.* at 4. Yet he also states that he "disclaimed rights because he feared reprisals," *id.* at 8, thereby acknowledging awareness of his injury.

## C.    Section 1983 Claims

The district court held that Spencer could not assert a § 1983 claim against ODVA because ODVA is entitled to sovereign immunity and an agency is not a "person" under the statute. In addition, it held that Spencer's § 1983 claim against Fromme was untimely for the same reasons as his negligence claim. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 & n.5 (10th Cir. 2004) (explaining that Congress did not establish a statute of limitations or a body of tolling rules for § 1983 actions and applying state law to fill that void).

Spencer's opening brief does not contain any arguments regarding his § 1983 claims. An appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (brackets and internal quotation marks omitted)); *Bronson*, 500 F.3d at 1104 ("[T]he omission of an issue in an opening brief generally

9

forfeits appellate consideration of that issue."). Spencer mentions § 1983 only in the jurisdictional statement of his opening brief, when he states that the district court had subject matter jurisdiction "because of the federal question created by the Civil Rights Act of 1871, 42 U.S.C. § 1983." Aplt. Opening Br. at 1.

In his reply brief, Spencer insists his § 1983 claims are still viable because he presented an equitable tolling argument in his opening brief and thereby appealed the "reason" for the district court's denial of those claims. *See* Aplt. Reply Br. at 1 (capitalization omitted); *see also id.* at 2 ("[W]hen Spencer provided a detailed argument in favor of an equitable tolling he preserved his [§] 1983 claim for a decision."). But we decline to read his argument so expansively given the text of the opening brief, which focuses solely on the negligence claims. *See, e.g.*, Aplt. Opening Br. at 4 (referencing his "claim for professional negligence" in the summary-of-the-argument section and framing his equitable tolling argument in the context of a tort); *id.* at 4-5 (discussing the standard of review in terms of a "question of fact, like for the timeliness of a tort claim"); *id.* at 5-7 (stating that his claim did not accrue until November 20, 2017, because injury is an element of a negligence claim); *id.* at 7-8 (arguing that his fear of reprisal after Fromme's tortious conduct constituted an exceptional circumstance for which equitable tolling was appropriate). Because Spencer's opening brief does not address his civil rights claim, he has waived arguments directed to that claim.

### III. Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Spencer's claims under Rule 12(b)(6).

Entered for the Court


Joel M. Carson III
Circuit Judge