PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN CARLOS MERIDA
DELGADO,

      Plaintiff-Appellant,

  v.

ALBERTO R. GONZALES, [*] in his
official capacity as Attorney General
for the United States of America;
ROBERT MUELLER, in his official
capacity as Director of the Federal
Bureau of Investigation,

      Defendants-Appellees.

No. 04-6309

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 04-CV-32-L)**

---

Submitted on the briefs:

David J. Batton, for Plaintiff-Appellant.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as a Defendant-Appellee in this action.

Peter D. Keisler, Assistant Attorney General, Douglas N. Letter, Peter J. Phipps, United States Department of Justice, Civil Division, Washington, DC, for Defendants-Appellees.



Before **HENRY, ANDERSON,** and **TYMKOVICH,** Circuit Judges.

**HENRY,** Circuit Judge.

Plaintiff Juan Carlos Merida Delgado appeals the district court's order dismissing his case for lack of federal subject-matter jurisdiction and denying his request for leave to amend the complaint. We affirm. **

## I. Background

Mr. Delgado is a citizen of Panama. Beginning in 1996, he received flight training at a federally regulated flight-training school in Norman, Oklahoma. While there, he encountered Zacarias Moussaoui, who was later indicted on several charges of conspiracy related to the September 11, 2001 terrorist attacks on the United States. *See, e.g., United States v. Moussaoui*, 382 F.3d 453, 457 (4th Cir. 2004), *cert. denied*, 125 S. Ct. 1670 (2005). Mr. Delgado was denied

---

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

permission to receive flight training in July 2003. [1] A second request, submitted in November 2003, was also denied. The requests were denied pursuant to section 113 of the Aviation and Transportation Security Act of 2001 (the Act). [2] The Act regulated flight training on certain aircraft, and permitted providing training to an alien only if:

> (1) [the school] has first notified the Attorney General that the individual has requested such training and furnished the Attorney General with that individual's identification in such form as the Attorney General may require; and

> (2) the Attorney General has not directed, within 45 days after being notified under paragraph (1), [the school] not to provide the requested training because the Attorney General has determined that the individual presents a risk to aviation or national security.

Pub. L. No. 107-71, § 113(a), 115 Stat. 597, 622.

---

[1]  Mr. Delgado characterizes the requested flight training as "advanced flight training and jet rating for Cessna Citations." Aplt. Br. at 5. He does not challenge defendants' characterization of the training as "Heavy Aircraft flight training." Aplee. Br. at 3. The statute under which Mr. Delgado was denied flight training applied to "training in the operation of any aircraft having a maximum certificated takeoff weight of 12,500 pounds or more." Pub. L. No. 107-71, § 113(a), 115 Stat. 597, 622. The precise characterization of the requested flight training does not affect any of the issues raised in this appeal.

[2]  Section 113 of the Aviation and Transportation Security Act of 2001, Pub. L. No. 107-71, § 113(a), 115 Stat. 597, 622, was in effect from November 19, 2001 until December 12, 2003, when it was amended by the Vision 100–Century of Aviation Reauthorization Act of 2003, Pub. L. 108-176, § 612(a), 117 Stat. 2490, 2572-74, which, in turn, is codified at 49 U.S.C. § 44939. The authority to determine whether an alien will be denied training was transferred from the Attorney General to the Secretary of Homeland Security by the Act of December 12, 2003. 49 U.S.C. § 44939(a).

Mr. Delgado filed suit challenging the Attorney General's determination that he was not authorized to receive flight training. Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of federal subject-matter jurisdiction. The district court granted the motion, denied Mr. Delgado's motion to amend his complaint, and entered judgment in defendants' favor.

*II. Dismissal for Lack of Subject-matter Jurisdiction - Sovereign Immunity*

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Id.* (quotation omitted). In attempting to meet this burden, Mr. Delgado contends that federal subject-matter jurisdiction lies pursuant to (1) U.S. Const. art. III, § 2, cl. 1; (2) the Fifth Amendment; (3) 28 U.S.C. § 1331; (4) the Administrative Procedures Act, 5 U.S.C. § 701(a)(1) (APA); and (5) various international treaties.[3] Defendants respond that none of those authorities effects a waiver of sovereign immunity.

---

[3] As additional authority for subject-matter jurisdiction, Mr. Delgado cites 49 U.S.C. §§ 1301, 1429, 1486 and 1903. Those sections are nonexistent. Mr. Delgado has abandoned on appeal his argument that 28 U.S.C. §§ 1343 and 2201 are waivers of sovereign immunity.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted). In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538 (quotation omitted).

We first reject Mr. Delgado's claims that the Constitution and 28 U.S.C. § 1331 waive sovereign immunity. The statute conferring general federal question jurisdiction, 28 U.S.C. § 1331, "grants the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, but does not waive the government's sovereign immunity. Consequently, district court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity." *Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 956, 960-61 (10th Cir. 2004) (quotations and citation omitted).

Mr. Delgado next contends that the APA provides a waiver of sovereign immunity. The APA "contains a limited waiver of the United States' sovereign immunity." *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 907 (10th Cir. 2004) (quotation omitted) (referring to 5 U.S.C. § 702). "But

-5-

before any review at all may be had, a party must first clear the hurdle of [5 U.S.C.] § 701(a)." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985).

Mr. Delgado relies on § 701(a)(1), which provides for review of agency action "except to the extent that statutes preclude judicial review." According to his argument, no statute, including the Tucker Act, 28 U.S.C. §§ 1346 & 1491, precludes judicial review, so § 701(a)(1) operates to confer jurisdiction.[4] Mr. Delgado's argument ignores § 701(a)(2), which makes review of agency action unavailable if "agency action is committed to agency discretion by law." Accordingly, we examine whether defendants' determination that Mr. Delgado would not receive flight training was committed to agency discretion by law.

In directing a flight school not to provide the requested flight training, the Attorney General was charged by law with assessing whether an alien "presents a risk to aviation or national security." Under § 701(a)(2), review of an agency decision is not available in those rare circumstances where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Webster v. Doe*, 486 U.S. 592, 600 (1988) (quotation omitted); *see also Heckler*, 470 U.S. at 830 (holding § 701(a)(2) precludes review even where Congress has not affirmatively precluded it, where

---

[4]     Given our disposition of Mr. Delgado's case, we need not and do not consider the Tucker Act in this context.

statute provides no meaningful standard for judging agency's discretionary decision).

Here, as in *Webster*, the statute gives no basis on which to assess the agency's decision, "[s]hort of permitting cross-examination of the [Attorney General] concerning his views of the Nation's security and whether the [plaintiff] was inimical to those interests," an inquiry the court will not undertake. *Webster*, 486 U.S. at 600. Moreover, a judgment concerning aviation or national security must be made by those with the necessary expertise, and "it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment. . . . Nor can such a body determine what constitutes an acceptable margin of error in assessing the potential risk." *Dep't of Navy v. Egan*, 484 U.S. 518, 529 (1988); *see also Beattie v. Boeing Co.*, 43 F.3d 559, 565 (10th Cir. 1994) (stating that *Egan*'s application to the Merit Systems Protection Board of the rule that security-clearance decisions are the province of the Executive Branch also applies to federal courts). This court has recognized that it is "an 'outside nonexpert body' unqualified to second-guess the judgment of the President, acting through his officials in the Executive Branch, on whether to grant or deny a security clearance." *Beattie*, 43 F.3d at 565. We reach the same result in this case because we do not see a significant difference between a decision to deny a

security clearance and a decision to deny flight training due to a risk to aviation or national security.

The fact that the challenged statute concerns national security provides additional support for our conclusion that judicial review is unavailable. It is rarely appropriate for courts to intervene in matters closely related to national security. *Haig v. Agee*, 453 U.S. 280, 292 (1981). "[T]he President has *constitutional* authority to protect the national security and . . . this authority carries with it broad discretion." *Hamdi v. Rumsfeld*, 542 U.S. 507, ___, 124 S. Ct. 2633, 2675 (2004) (Thomas, J., dissenting). "Thus, unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Egan*, 484 U.S. at 530. Congress has not provided specifically for judicial review of the agency's decision to deny flight training to an alien. Accordingly, we hold that no review is available.

*III. Treaties and Constitutional Claims*

Mr. Delgado argues that treaties between the United States and the Organization of American States operate to protect his constitutional and humanitarian rights. He also claims constitutional liberty and property interests in his reputation and pilot's license.

Mr. Delgado has not identified the treaties on which he relies, nor does he assert that they require the relief he seeks in this case. Rather, he generally alleges that various unidentified treaties protect his fundamental human rights. Even if this is so, Mr. Delgado has not provided any authority stating that flight training is a fundamental human right or that the treaties effect a waiver of sovereign immunity.

Turning to Mr. Delgado's constitutional claims, the Supreme Court has stated, "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear." *Webster*, 486 U.S. at 603; *cf. Heckler*, 470 U.S. at 838 (determining agency's decision was unreviewable as committed to agency discretion by law, noting that no colorable constitutional claim was raised). We do not address Mr. Delgado's constitutional claims, however, because he has cited no legal authority to establish his claims to liberty and property interests. Because Mr. Delgado has not supported these arguments with legal authority or argued that his "positions are sound despite a lack of supporting authority or in the face of contrary authority, . . . we decline to consider these arguments." *Simpson v. T.D. Williamson Inc.*, 414 F.3d 1203, 1206 n.4 (10th Cir. 2005).

*III. Leave to Amend Complaint*

The district court denied Mr. Delgado's request for leave to file an amended complaint to add a party because adding a party would not cure the jurisdictional defects. On appeal, Mr. Delgado contends that his request to amend the complaint was not limited to adding a party. He also argued in the district court, and he renews that argument on appeal, that any defects in his complaint could be cured by amending it to state that sovereign immunity was waived by the APA, the Constitution, and the treaty with the Organization of American States.

We review the district court's decision to deny leave to amend for an abuse of discretion. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Where the decision was based on futility of amendment, however, we review de novo whether the complaint, as amended, would withstand a jurisdictional challenge. *See id.* (reviewing de novo whether complaint, as amended, would state claim). In this case, having rejected Mr. Delgado's claims that sovereign immunity was waived under the APA, the Constitution, and various treaties, we conclude that amending the complaint to allege these theories would not withstand a jurisdictional challenge. Accordingly, we affirm the district court's decision to deny leave to amend the complaint.

The judgment of the district court is AFFIRMED.