**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOD N. ROCKEFELLER,

> Plaintiff-Appellant,

v.

JEFF BINGAMAN, in his official
capacity as U.S. Senator; THE
U.S. SENATE; STEVE PEARCE,
in his official capacity as
U.S. Representative; and THE U.S.
HOUSE OF REPRESENTATIVES,

> Defendants-Appellees.

No. 06-2332
(D.C. No. CIV-06-198 JB/RLP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

In the pro se complaint that he filed in the district court, Tod N.

Rockefeller asserted claims against two members of the United States Congress

acting in their official capacities, the United States House of Representatives, and

_____

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the United States Senate, alleging that he "has suffered injury from Defendants due to their enactment of laws which have deprived him of his civil and Constitutional rights." R., Doc. 1 at 2. Mr. Rockefeller further alleged that: (1) "Defendants were served with a 'Demand for the Introduction of a Bill Restoring the Right of Direct Appeal to the Supreme Court for Constitutional Violations,'" *id.* at 3; and (2) "Defendants had the authority to prevent and/or remedy the injuries inflicted upon Plaintiff, but refused to do so," *id.* at 2-3. Defendants filed a motion to dismiss Mr. Rockefeller's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The district court granted the motion, concluding that "Defendants are protected by sovereign immunity, the Plaintiff is without standing to bring his claims, and the Plaintiff's claims are barred by the Speech and Debate Clause." R., Doc. 15 at 1. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In its thorough and well-reasoned order, the district court summarized the background of this case and Mr. Rockefeller's claims as follows:

> Plaintiff Tod N. Rockefeller, proceeding pro se, alleges that he is a former environmental scientist in the Carlsbad Area Office of the United States Department of Energy who was terminated from his position. See Complaint, Caption, Prayer, at 1, 11, filed March 15, 2006 (Doc. 1). Following his termination, Rockefeller challenged his dismissal administratively and in the courts, bringing suit against various federal defendants. See id. ¶¶ 16-23, at 5-6. In three prior lawsuits, federal district courts ruled against Rockefeller. See id. The Court of Appeals affirmed each of those district court decisions, and the Supreme Court denied certiorari. See id.

In this action, Rockefeller asserts that 28 U.S.C. § 1254, which eliminated direct appeal to the Supreme Court from adverse courts of appeals decisions, and 28 U.S.C. § 2284, which limited grounds for convening a three-judge district court panel, are unconstitutional. *See id.* ¶¶ 24-42, at 6-10. Rockefeller maintains that these laws violate the Constitution's separation-of-powers doctrine and Article III. *See id.* Rockefeller further alleges that he notified the Defendants of the unconstitutionality of §§ 1254 and 2284, and that the Defendants did not take any action to remedy the two laws. *See id.* ¶¶ 8-10, at 3. Rockefeller contends that the operation of these laws and the Defendants' failure to address them have injured him. *See id.* ¶ 43, at 10. As such, Rockefeller demands that a three-judge panel decide his suit for an injunction halting the operation of § 1254. *See id.* ¶¶ 42, 44, at 10.

R., Doc. 15 at 1-2.

"We review a district court's dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) de novo." *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). Having conducted the required de novo review, we agree with the district court that it lacked subject matter jurisdiction because "Defendants are protected by sovereign immunity, . . . and the Plaintiff's claims are barred by the Speech and Debate Clause." R., Doc. 15 at 1. We therefore do not need to address the district court's alternative jurisdictional ruling that Mr. Rockefeller lacked standing to bring his claims. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("While [*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)] reasoned that subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues.").

-3-

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted). "The United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1206 (10th Cir. 1997). Moreover, "the existence of consent is a prerequisite for [subject matter] jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

"In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). "Federal courts generally deem a suit for specific relief, *e.g.*, injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). Thus, it is well established that the United States' sovereign immunity "extends to [claims for] injunctive relief." *United States v. Murdock Mach. and Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996). The Supreme Court has recognized, however, that "[t]wo narrow exceptions to the general bar against suits seeking specific relief from the United States exist." *Wyoming*, 279 F.3d at 1225. As we have explained:

-4-

A court may regard a government officer's conduct as so "illegal" as to permit a suit for specific relief against the officer as an individual if (1) the conduct is not within the officer's statutory powers or, (2) those powers, or their exercise in the particular case, are unconstitutional.

*Id.* (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 702 (1949)).

We agree with the district court that "[s]overeign immunity forecloses Rockefeller's claims against the House of Representatives and Senate as institutions, and Representative Pearce and Senator Bingaman as individuals acting in their official capacities." R., Doc. 15 at 5 (citing *Keener v. Cong. of the U.S.*, 467 F.2d 952, 953 (5th Cir. 1972)). As the district court pointed out, "[b]ecause an 'official capacity' suit is treated as a suit against a government entity, see Kentucky v. Graham, 473 U.S. 159, 166 (1985), Representative Pearce and Senator Bingaman, acting in their official capacities, enjoy the envelope of the Congress' sovereign immunity, see Travelers Ins. Co. v. SCM Corp., 600 F. Supp. 493, 497 (D.D.C. 1984)." R., Doc. 15 at 5.

We also agree with the district court that the Speech or Debate Clause of the United States Constitution, U.S. Const. art. I, § 6, cl. 1,[1] "protects the acts with which Rockefeller takes issue in this case – Congress' enactment of certain

---

[1] The Speech or Debate Clause states that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl. 1.

-5-

legislation and the decision of individual Congressmen not to take legislative action in response to Rockefeller's prompts." R., Doc. 15 at 7; *see also Doe v. McMillan*, 412 U.S. 306, 311, 312-13 (1973) (stating that Speech or Debate Clause "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process," and that "Congressmen and their aides are immune from liability for their actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional") (quotations and citations omitted). As a result, the district court correctly determined that it did not have subject matter jurisdiction over the claims asserted against Senator Bingaman and Representative Pearce. *See Fields v. Office of Eddie Bernice Johnson, Employing Office, U.S. Cong.*, 459 F.3d 1, 13 (D.C. Cir. 2006) ("The Speech or Debate Clause operates as a jurisdictional bar when the actions upon which a plaintiff sought to predicate liability were legislative acts.") (quotation omitted).

In light of the above rulings, we reject Mr. Rockefeller's arguments to the effect that: (1) "the United States has no immunity when only injunctive relief is sought," Aplt. Opening Br. at 7; and (2) "[t]he Speech or Debate Clause does not preclude judicial review of enacted legislation to determine said legislation's constitutionality," *id.* at 3. First, although "the 1976 amendments to § 702 of the Administrative Procedure Act, 5 U.S.C. § 702, eliminated the [United States'] sovereign immunity defense in virtually all actions for non-monetary relief

-6-

against a U.S. agency or officer [thereof] acting in an official capacity," *Clark v. Library of Cong.*, 750 F.2d 89, 102 (D.C. Cir. 1984), "the [United States] Congress is not an 'agency' as defined under the Administrative Procedure Act." *Id.* (citing 5 U.S.C. § 701(b)(1)(A) (excluding Congress from the definition of agency)); *see also Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 187 (D.C. Cir. 2006) (stating that § 702 "refer[s] to a claim against an 'agency' and hence waives immunity only when the defendant falls within that category"). Consequently, the waiver of sovereign immunity contained in § 702 does not apply to this case.

Second, to the extent Mr. Rockefeller is attempting to invoke the "[t]wo narrow exceptions to the general bar against suits seeking [injunctive] relief from the United States," *Wyoming*, 279 F.3d at 1225, his attempt must fail. In the context of a suit for injunctive relief against individual members of Congress, the exceptions for ultra vires and unconstitutional conduct would in effect nullify the legislative immunity provided to members of Congress by the Speech or Debate Clause. We thus conclude that the exceptions are not available here.

Finally, our holding in this case does not mean that "[t]he Speech or Debate Clause . . . preclude[s] judicial review of enacted legislation to determine said legislation's constitutionality." Aplt. Opening Br. at 3. To the contrary, we have determined only that Mr. Rockefeller is foreclosed from obtaining judicial review

of the subject legislation by means of a lawsuit filed directly against the United States Congress and individual members thereof in their official capacities.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge