FILED
United States Court of Appeals
Tenth Circuit

February 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EMAJO MAYBERRY and CAROL A.
CLOPTON,

        Plaintiffs - Appellants,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Lisa P. Jackson,
Administrator,

        Defendant - Appellee.

No. 09-3053
(D. Ct. No. 2:06-CV-02575-CM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **KELLY**, Circuit Judges.

Plaintiffs-appellants Emajo Mayberry and Carol A. Clopton brought claims

against the Environmental Protection Agency ("EPA") for reprisal,

discrimination, and hostile work environment under Title VII of the Civil Rights

Act of 1984 and the Age Discrimination in Employment Act ("ADEA") of 1967.

The district court dismissed nearly all of plaintiffs' claims for lack of jurisdiction

based on plaintiffs' failure to exhaust their administrative remedies, and certified

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

its decision as a final judgment under Fed. R. Civ. P. 54(b). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

A.    <u>Factual Background</u>

Ms. Clopton is a Caucasian woman over the age of forty who worked as a Program Analyst in the EPA's Kansas City, Kansas Regional Office from 1985 until her retirement in 2007. Ms. Mayberry is a black woman over the age of forty who has worked as a Program Analyst in the same EPA regional office since 1971. Since 2000, both plaintiffs have been class agents in a pending administrative class action against the EPA in which they allege claims of age and race discrimination. All of plaintiffs' instant Title VII and ADEA claims against the EPA are based on alleged mistreatment they have endured because of their prosecution of the class action case.

The EPA filed a motion to dismiss plaintiffs' instant claims for lack of jurisdiction based on plaintiffs' failure to exhaust their administrative remedies. The district court concluded that Ms. Clopton failed to exhaust all of her claims and dismissed them accordingly. The district court further concluded that Ms. Mayberry failed to exhaust all of her Title VII claims and all but two of her ADEA claims. Plaintiffs argue that the district court erred by concluding that they did not exhaust their administrative remedies for their various claims. We address facts relevant to each of plaintiffs' attempts to exhaust in our analysis.

B.     Legal Background — Procedures for Exhausting Administrative Remedies

Before a federal employee may file a Title VII suit in district court, the employee must exhaust her administrative remedies. 42 U.S.C. § 2000e-16(c); *see also Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). In order to exhaust her administrative remedies, an EPA employee must make an informal charge to an Equal Employment Opportunity ("EEO") counselor at the EPA's regional office within forty-five days from the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a). The EEO counselor must advise the employee of her rights and responsibilities, investigate the complaint, and attempt to informally resolve the matter. *See id.* § 1614.105(b)(1). The EEO counselor must then conduct a final interview with the employee within thirty days of the date the employee contacted the EEO office. *Id.* § 1614.105(d). If the matter has not been resolved, the employee is notified in writing of her right to file a formal discrimination complaint with the EPA's Office of Civil Rights ("OCR") within fifteen days of receiving the Notice of Final Interview. *Id.* § 1614.105(b), (d); *see also id.* § 1614.106(b). At that point, the employee may file a civil action in district court within ninety days of receiving notice of final action by the OCR or "[a]fter 180 days from the date of filing . . . [if] final action has not been taken." *Id.* § 1614.407(a), (b).

When the complaint is based on alleged violations of the ADEA an employee has the option of following the procedure outlined above or providing

- 3 -

the head of the EPA with thirty days notice of intent to file a civil action in a United States district court and proceeding directly to court. *Id.* § 1614.201(a).

## II. ANALYSIS

A.    Standard of Review

We review the district court's dismissal of a complaint for lack of jurisdiction de novo and its findings of jurisdictional fact for clear error. *See McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104–05 (10th Cir. 2002). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quotation omitted).

B.    Plaintiffs' Claims and Attempts to Exhaust

    *1.    Ms. Mayberry's August 2005 and October/November 2005 Claims*

On August 18, 2005, Ms. Mayberry made an informal complaint to an EEO counselor in which she sought relief for discriminatory and retaliatory incidents that allegedly occurred on August 10, 2005. On November 2, 2005, Ms. Mayberry added two additional informal complaints of discrimination for events that allegedly occurred on October 20, 2005 and November 1, 2005. Then, on November 23, 2005, Ms. Mayberry met with the EPA's EEO counselor, but was unable to informally resolve her claims. Accordingly, she signed a Notice of Final Interview in which she acknowledged that she had fifteen days to file a

formal discrimination complaint with the OCR based on the August 10, October 20, and November 1 events. Ms. Mayberry never filed a formal complaint. Instead, on December 8, 2005, she included these claims in a Second Motion to Amend The Class Complaint ("Motion to Amend") which she and Ms. Clopton jointly filed with the Administrative Judge ("AJ") who was overseeing the pending class action. The AJ denied the Motion to Amend on December 13, concluding that the claims therein would be more appropriately decided as individual rather than class claims.

On appeal, Ms. Mayberry argues that she satisfied the requirement for submitting a formal complaint by including the three claims for which she had already made informal complaints in the Motion to Amend, and that it was the EPA's responsibility to process the denied Motion to Amend as a formal complaint. This claim is plainly without merit. The regulations clearly state that a formal complaint must be filed with the OCR within fifteen days of the complainant's receipt of the Notice of Final Review. *See* 29 C.F.R. § 1614.106(b). Furthermore, Ms. Mayberry does not provide any legal support for her claim that a denied Motion to Amend is the equivalent of a formal complaint to the OCR. Accordingly, the district court properly concluded that Ms. Mayberry did not exhaust her August 2005 and October/November 2005 claims.

Alternatively, Ms. Mayberry argues that the Notice of Final Interview she signed on November 23, 2005 was ineffective because it was not sent to her

attorney as required by 29 C.F.R. § 1614.605(d).[1]  The district court rejected this

argument because Ms. Mayberry failed to provide the address and telephone

number of her attorney in accordance with the regulation.  Ms. Mayberry now

contends that the EPA: (1) already had her attorney's information in connection

with the class complaint; (2) did not provide space on any form for such

information; and (3) should have asked her for the information.  We do not agree.

The regulation places no duty on the EPA to request or track down an attorney's

contact information.  The EPA's duty only arises when an employee has provided

the necessary information.  *See* 29 C.F.R. § 1614.605(d) ("*after* the agency has

received written notice of the name, address and telephone number of a

representative for the complainant, all official correspondence shall be with the

representative" (emphasis added)).  Furthermore, the class claims were being

handled in a different office and, as found by the AJ, are not related to the claims

in this case.  Therefore, Ms. Mayberry's failure to provide the EEO counselor

with all of the requisite information foreclosed any duty on behalf of the

counselor to send the Notice of Final Interview to Ms. Mayberry's attorney.  For

---

[1] The regulation provides, in pertinent part:

> Unless the complainant states otherwise in writing, after the agency
> has received written notice of the name, address and telephone
> number of a representative for the complainant, all official
> correspondence shall be with the representative with copies to the
> complainant.

29 C.F.R. § 1614.605(d).

all of these reasons, the district court properly dismissed Ms. Mayberry's August 2005 and October/November 2005 claims.

2.      *Plaintiffs' Failure to Promote Claims*

In addition to Ms. Mayberry's individual claims, plaintiffs' December 8, 2005 Motion to Amend included claims by both Ms. Clopton and Ms. Mayberry that they were denied a promotion for discriminatory reasons. The district court dismissed these claims because it found that plaintiffs failed to exhaust their administrative remedies. Specifically, plaintiffs did not make an informal failure to promote complaint to an EEO counselor. Plaintiffs concede that they did not meet with an EEO counselor as required for Title VII claims, nor did they file notices of intent to sue as they might have under the ADEA. Therefore, facially they did not exhaust their failure to promote claims. Nevertheless, plaintiffs argue that these claims are exhausted because upon the AJ's denial of their Motion to Amend, the EPA was obligated to treat the failure to promote claims therein as properly filed informal complaints. Therefore, they argue that the EPA's failure to address the complaints for more than 180 days provided them with the right to sue under 29 C.F.R. § 1614.407(b).

In support of their position, plaintiffs point to the Commission's Handbook for Administrative Judges and the Commission's Management Directive. Plaintiffs also contend that the AJ's order itself required the EPA to act. The district court, however, correctly noted that "the [AJ] handbook does not speak in

terms of mandatory action." *Mayberry*, 2008 WL 4304979, at \*4. Furthermore, the district court correctly noted that the AJ's finding that "these claims would be more appropriately addressed as individual claim[s] of retaliation by the Agency," did not order the EPA to take any action. *Id.* Finally, the Management Directive cited by plaintiffs does not apply in this case. The Directive outlines the procedure the EPA follows when directly presented with an amendment to a complaint *before* jurisdiction has shifted to an AJ. *See* EEOC Management Directive 110. Therefore, the district court correctly found that plaintiffs failed to exhaust their administrative remedies and properly dismissed plaintiffs' failure to promote claims.

3.     *Ms. Mayberry's May 2006 Claim*

On July 12, 2006, plaintiffs' counsel sent a letter to the OCR in which he inquired about the claims raised in the December 8, 2005 Motion to Amend and raised a new claim on Ms. Mayberry's behalf based on events that occurred in May 2006. The OCR construed the July 12 letter as a formal complaint for Ms. Mayberry's August 2005 and October/November 2005 claims. Accordingly, the OCR dismissed the formal complaint as untimely.

Ms. Mayberry never filed an informal complaint with regard to her May 2006 claim. Nevertheless, on appeal, she argues that the July 12, 2006 letter should be treated as a timely-filed informal complaint which the EPA was required to process. This argument, however, ignores the regulatory scheme in

place requiring an employee to contact the EPA's regional EEO office and obtain counseling before contacting the OCR. *See* 29 C.F.R. § 1614.105(b), (d). Furthermore, this is not a situation in which the employee was not aware of the proper procedure for filing a complaint. Indeed, Ms. Mayberry had already been through the process. Because Ms. Mayberry failed to make an informal complaint to an EEO counselor, her May 2006 claim was not administratively exhausted and it was properly dismissed by the district court.

### 4. Ms. Mayberry's October/November 2006 Claims

On November 26, 2006, Ms. Mayberry properly submitted to an EEO counselor informal complaints for events that allegedly occurred in October and November 2006. On January 10, 2007, she received a Notice of Final Interview which advised her that she was required to file a formal complaint with the OCR within 15 days. Ms. Mayberry never filed a formal complaint, but instead filed a Notice of Intent to Sue Under the ADEA. Accordingly, she did not exhaust her October/November 2006 Title VII claims and the district court properly dismissed them. On the other hand, the district court properly retained her ADEA claims based on her timely filing of a Notice of Intent to Sue.

Although she concedes that she failed to exhaust her Title VII claims, Ms. Mayberry contends that the ADEA's alternative exhaustion process should be applied to Title VII claims. That is not, however, the way Congress chose to draft Title VII. *See Shikles*, 426 F.3d at 1314 (noting that the Supreme Court "has

rejected attempts to read requirements into Title VII, like the ADEA, beyond those expressly provided by Congress") (citations omitted). Therefore, Ms. Mayberry's Notice of Intent to Sue did not exhaust her October/November 2006 Title VII claims, and the district court properly dismissed them.

5.      *Ms. Mayberry's February/March 2007 Claims*

On April 2, 2007, Ms. Mayberry properly made an informal complaint to an EEO counselor based on events that allegedly occurred in February and March 2007. When the EEO counselor contacted her regarding this informal complaint, she informed him that she was not pursuing the administrative process but intended to proceed directly to court under the ADEA. Therefore, she did not exhaust her February/March 2007 Title VII claims and the district court properly dismissed them. Conversely, her notice to the EEO counselor that she intended to sue under the ADEA exhausted her February/March 2007 ADEA claims and the district court properly retained those claims.

6.      *Ms. Mayberry's Hostile Work Environment Claims*

Finally, Ms. Mayberry appears to argue that her hostile work environment claims from late 2006 and early 2007 did not require additional exhaustion because of the continuing nature of such claims. This circuit has not decided whether hostile work environment claims must be independently exhausted or whether the prior exhaustion of reasonably related claims is sufficient. *See Martinez v. Potter*, 347 F.3d 1208, 1210–11 (10th Cir. 2003) (stating that *Nat'l*

*RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), teaches that each discrete incident of discrimination must be exhausted, but noting that the rule may not be applicable to hostile work environment claims).  We need not do so today, however, because Ms. Mayberry has not exhausted any claims to which these later hostile work environment claims might reasonably relate.  Therefore, her argument necessarily fails and the district court properly dismissed all of her Title VII hostile work environment claims.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the ruling of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge