FILED
United States Court of Appeals
Tenth Circuit

June 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BEVERLY FAYE BLYTHE,

Plaintiff - Appellant,

v.

SOUTHWEST AIRLINES
COMPANY,

Defendant - Appellee.

No. 10-2047

(D. New Mexico)

(D.C. No. CIV-09-00739-JCH-RLP)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Plaintiff and appellant Beverly Faye Blythe, proceeding *pro se*, appeals
several adverse rulings by the district court in her action against Southwest

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Airlines for an injury she allegedly received while on a Southwest flight. We affirm.

## BACKGROUND

On July 27, 2009, Ms. Blythe filed a form complaint, purportedly pursuant to 42 U.S.C. § 1983, based on the following claimed injury:

> On July 24, 2006, I was traveling on Southwest Airlines flying from Houston, Texas. I was served hot coffee in a clear plastic cup which was sitting on a tray attached to the seat in front of me, when it spilled directly into my crouch [sic] which caused me to be severely burned.

Compl. at 2, R. Vol. 1 at 6. The complaint alleged no basis for federal jurisdiction except for 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) (providing for original federal jurisdiction over suits filed to address deprivations of federal constitutional rights). Ms. Blythe failed to indicate either "yes" or "no" on the area of the form complaint where she was instructed to indicate whether Southwest Airlines was "acting under color of state law." The complaint also failed to allege the citizenship of Southwest Airlines for purposes of diversity of citizenship, and it requested an unspecified amount of money for pain, suffering and medical costs.

On September 23, 2009, Southwest filed a motion to dismiss the complaint for failure to state a claim. On December 18, Southwest filed a second motion to dismiss for lack of subject matter jurisdiction. On December 22, 2009,

Ms. Blythe filed her first Motion to Amend and for an extension of time to file, which stated as follows:

> Plaintiff Beverly Blythe, in Pro Se, Plaintiff Beverly Blythe is requesting Leave to file her claim and for Extension of Time to File, Plaintiff's "State of Claim" and "Subject-Matter."
> CONCLUSION
> Plaintiff is requesting sixty days to file "Statement of Claim" and "Subject Matter."

Mot. at 1, R. Vol. 1 at 78. The motion did not, however, attach a proposed amended pleading, as is required by the local rules.

On January 28, 2010, Magistrate Judge Richard L. Puglisi entered an order denying Ms. Blythe's motion to amend, but stating that she could re-file her motion if she attached a copy of the proposed amendment, as required by the court rules. On that same day, the district court granted Southwest's motion to dismiss for lack of subject matter jurisdiction. The court "conclude[d] that Blythe ha[d] failed to allege sufficient facts to invoke this Court's subject matter jurisdiction and that she should not be allowed an opportunity to amend her Complaint . . ." Mem. Op. & Order at 1, R. Vol. 1 at 108. More specifically, the court held that Ms. Blythe had failed to invoke the court's federal question jurisdiction and did not allege federal jurisdiction based on diversity. The court further held, as had Magistrate Judge Puglisi in his order of the same date, that Ms. Blythe should not be permitted to amend her complaint because she had failed to submit a proposed amended complaint or explain in any of her

-3-

submissions how a proposed amendment would cure the jurisdictional deficiencies that Southwest had identified in its motion to dismiss. The dismissal was, however, without prejudice. Because it concluded that it lacked subject matter jurisdiction over Ms. Blythe's complaint, the district court denied as moot Southwest's motion to dismiss for failure to state a claim.

Accordingly, on January 28, 2010, the court entered final judgment in favor of Southwest Airlines. On February 25, 2010 (after entry of final judgment), Ms. Blythe filed her second motion to amend her complaint. The court denied that motion as moot. Ms. Blythe appeals the January 28 entry of final judgment in favor of Southwest Airlines, arguing: 1) the district court erred when it dismissed her complaint without prejudice for lack of subject matter jurisdiction; 2) her complaint stated a claim upon which relief can be granted; and 3) the district court erred in denying her motions for leave to file an amended complaint.

## DISCUSSION

"We review de novo the district court's dismissal for lack of subject-matter jurisdiction." Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). Furthermore, "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Id. (further quotation omitted).

As indicated, Ms. Blythe filed her complaint on a form intended for § 1983 actions. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Conn v. Gabbert, 526 U.S. 286, 290 (1999). Ms. Blythe's complaint included no allegation that Southwest Airlines acted "under color of state law." Thus, it failed to state a federal claim or invoke federal subject-matter jurisdiction as a § 1983 action.

Ms. Blythe also challenges the district court's conclusion that her complaint failed to state a claim. The Supreme Court has recently clarified that to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556). In an effort to give meaning to this "plausibility requirement," we have said that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. at 1247.

We agree with the district court that Ms. Blythe has failed to state a claim under either federal-question jurisdiction or diversity jurisdiction. As the district

court observed, "Blythe has not alleged any facts to show a violation of her federal constitutional or statutory rights [and] [i]t is also clear that Southwest Airlines and its stewardess are private, not state, actors." Mem. & Order at 4. Furthermore, "Blythe does not contend in her response to Southwest's motion to dismiss that the court has diversity jurisdiction, nor does she set forth any facts regarding citizenship or the amount in controversy." Id. at 5. Rather, she simply asserts over and over again without support that the courts have "federal question jurisdiction" over her complaint. We affirm the district court's determination that Ms. Blythe's complaint is properly dismissed without prejudice for lack of subject-matter jurisdiction.

Finally, in response to Southwest's second motion to dismiss, Ms. Blythe requested an opportunity to amend her complaint and a 60-day extension of time in which to do so. As the district court correctly observed, while the court should freely give leave to amend when justice requires such amendment, a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." Calderon v. Kan. Dep't of Social & Rehab. Servs., 181 F.3d 1180, 1186-87 (10th Cir. 1999). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." Hall v. Witteman, 584 F.3d 859, 868 (10th Cir.

2009).[1] Ms. Blythe has not complied with this requirement. Accordingly, the district court correctly denied her leave to amend her complaint.

Ms. Blythe's remaining issue is her argument that the district court erred in denying as moot her second motion for leave to filed an amended complaint, as well as a motion to extend the time for filing. Inasmuch as the court had already entered its final judgment in this case, we affirm the district court's denial of Ms. Blythe's motion as moot.

## CONCLUSION

For the foregoing reasons, the district court's orders are AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]The applicable local rules also require a party seeking to amend or supplement her pleadings to submit to the court the proposed amendment, along with the motion to amend.