**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH TURNER,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA, ,

      Defendant-Appellee.

No. 11-6334
(D.C. No. 5:11-CV-00205-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Joseph Turner appeals the district court's order dismissing his suit under Rule

12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter

jurisdiction.  We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The following facts are from Mr. Turner's third amended complaint. In 2002, Mr. Turner was seriously injured in an automobile accident. In 2003, Mr. Turner, an honorably discharged veteran, "enrolled in healthcare from the Oklahoma City VA Medical Center because his chronic severe pain made him unable to work, and caused him to lose his non-VA health insurance." Aplt. App. at 5. To treat his back pain, the VA doctors "administer[ed] narcotic pain medications, which he took for a period of years." *Id*. Eventually, a pain management specialist with the VA recommended epidural steroid injections, but Mr. Turner never received them. Instead, using his re-acquired private health insurance, Mr. Turner went to see an orthopedic surgeon, who performed back surgery on him in August 2004.

In June 2005, Mr. Turner was involved in a second car accident that exacerbated his previous injuries. On the heels of the second accident, but unrelated to the car accident, he went to the VA medical center with "uncontrolled diarrhea." *Id*. at 6. He says he asked to be referred to a gastroenterologist, but when his request was denied, he "had to see a non-VA specialist, who determined that the extreme diarrhea resulted from the VA's over-prescription of narcotic pain medicines." *Id*. According to Mr. Turner, the severe diarrhea "caused permanent damage to [his] colon." *Id*.

In the meantime, Mr. Turner's back pain continued. "In 2006, [he] again sought treatment from a non-VA doctor, because his VA doctors refused to do

anything except prescribe narcotics." *Id*. Under the care of a non-VA doctor, he received several steroid injections and eventually underwent "cervical surgery in March 2007 that relieved much of [his] suffering." *Id*.

In late 2008, and after having undergone the two back surgeries, Mr. Turner returned to the VA medical center because of continuing back pain. According to Mr. Turner, the doctor "treated [him] for his remaining chronic severe pain by continuing to prescribe the narcotic pain medicines, morphine and methadone," *id.* at 6-7, but also referred him for a neurology consult. For his first appointment with the neurologist, Mr. Turner met with an assistant who "refused to treat [his] back trouble because of her mistaken belief that [his] service-connection for 'ankle' and 'hearing' maladies made [him] ineligible for back surgery." *Id*. at 7. Mr. Turner once again turned to a non-VA doctor, "who performed tests, provided diagnostic results, and made surgery recommendations." *Id*. He delivered these materials to the neurologist's assistant, but claims they "were either not correctly entered, or were simply discarded; so they were not added into his VA treatment records for a period of time." *Id*. Nonetheless, in a September 2009 appointment with the neurologist and the assistant, he "learned that he had been approved for [back surgery] at L2-L3 level at the Houston VA Medical Center." *Id*. But according to Mr. Turner, the mishandling of his records "caused the Houston VA hospital's surgical team to not offer surgical options for L4-L5 and L5-SI – [his] other problem areas." *Id*. at 8. Sometime later "during a walk-in visit to the VA hospital," *id*., Mr. Turner saw yet

another doctor who found that he "was not disabled in any way, and [] that [he] was not in need of any surgeries," *id*. "[I]n desperation, [Mr.] Turner again sought non-VA healthcare; so on November 2, 2009, [he] underwent non-VA disk fusion surgery that relieved much of his suffering." *Id*.

Following the denial of his administrative tort claim,[1] Mr. Turner sued the United States for damages under the Federal Tort Claims Act. *See* 28 U.S.C. § 2671 *et seq*. His third amended complaint summarized the suit as follows:

> The gravamen of [Mr.] Turner's case against the United States is that medical staff employed by the VA committed malpractice. Those VA medical staff *failed to treat* [Mr.] Turner, and *failed to refer* [Mr.] Turner for care outside the VA after [Mr.] Turner presented for care at VA facilities. In addition, VA medical staff were negligent, reckless, or malicious when they failed to keep adequate records of [Mr.] Turner's symptoms, medications, and treatments for those injuries and other medical conditions.

Aplt. App. at 5.

Putting a slightly finer point on his claims, Mr. Turner alleged that the VA doctors "over-prescribed the narcotic pain medications that caused [him] to suffer from 'overflow diarrhea' . . . [which in turn caused] irreparable harm to his colon . . . and forced [him] to endure years of needless pain, depression and acute dehydration." *Id*. at 8. He also alleged that "the negligent denials of VA care forced [him] to seek care outside the VA at great expense to himself." *Id*. at 9.

---

[1]    Filing an administrative tort claim is a prerequisite to bringing suit under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a).

After reviewing Mr. Turner's third amended complaint, the district court found "that the substance of [Mr. Turner's] claims sound in denial of underlying benefits decisions, over which this Court lacks jurisdiction," *id*. at 45, citing 38 U.S.C. § 511, and dismissed the complaint. Mr. Turner appeals.

## II.

"We review de novo the district court's dismissal for lack of subject-matter jurisdiction." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of a complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Here, the district court treated the Rule 12(b)(1) motion as a facial attack because it resolved the motion on its "review[] [of] the Third Amended Complaint." Aplt. App. at 45. Thus, "we presume all of the allegations contained in the amended complaint to be true." *Ruiz*, 299 F.3d at 1180. However, "we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Instead, "[w]e examine the substance of [the] allegations, rather than the plaintiff's labels, to determine their true nature." *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). And "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal

- 5 -

jurisdiction bears the burden of proof." *Merida Delgado*, 428 F.3d at 919 (internal quotation marks omitted).

We agree with the district court that Mr. Turner's claims, regardless of the labels he attaches to them, are a challenge to the VA's action or inaction with respect to his benefits, and therefore beyond the jurisdiction of the district court. Title 38 U.S.C. § 511(a) vests exclusive jurisdiction with the Secretary of Veterans Affairs to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." Despite the fact that Mr. Turner attempts to frame his case as one for medical malpractice and/or negligence, it is, at its core, a challenge to the VA's decision regarding benefits.

As stated in the third amended complaint, "[t]he gravamen of [Mr.] Turner's case against the United States is that medical staff employed by the VA committed malpractice . . . [when they] *failed to treat* [Mr.] Turner, and *failed to refer* [Mr.] Turner for care outside the VA after [Mr.] Turner presented for care at VA facilities." Aplt. App. at 5. Setting aside the fact that the VA did treat his back pain, albeit in a different manner than Mr. Turner thought best, the course of treatment chosen by the VA and whether to refer him for treatment outside the VA system is a benefits decision.[2]

---

[2] Mr. Turner also alleged that the VA doctors were negligent and/or committed malpractice when they over-prescribed pain medications that caused the diarrhea that irreparably harmed his colon. According to the third amended complaint, Mr. Turner's private doctor told him in 2005 that it was his opinion that the diarrhea

(continued)

- 6 -

Mr. Turner also alleged that "the negligent denials of VA care forced [him] to seek care outside the VA at great expense to himself." *Id*. at 9. The record is silent as to whether Mr. Turner pursued a formal reimbursement claim with the VA. Regardless, there is no question that the decision whether to reimburse Mr. Turner for the cost of non-VA medical treatment is a benefits decision, and also beyond the jurisdiction of the federal district courts. *See* § 511.

Because Mr. Turner challenges the VA's action or inaction with respect to a veteran's benefit matter, the district court lacked subject-matter jurisdiction over the complaint. *See* § 511; *see also Weaver*, 98 F.3d at 520 (holding when the substance, not the label, of a veteran's claim concerns a benefits decision the district court lacks subject-matter jurisdiction).

The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

was caused by too many pain killers. Mr. Turner waited until March 2010, more than five years later, to file his administrative tort claim. Like the district court, we conclude that the claim is time barred. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.").